DEVIN, J., took no part in the consideration or decision of this case.
This is an action for an accounting by the defendants to the plaintiffs for rents and profits received by the defendants from lands described in the complaint, and owned by the plaintiffs and defendants as tenants in common since the death of John L. Hinton in 1910; for judgment that plaintiffs recover of the defendants the amounts found by said accounting to be due to the plaintiffs by the defendants, and that said amounts are liens on the undivided interests of the defendants in said lands; and for the partition of said lands among the plaintiffs and defendants according to their respective interests in the same by commissioners appointed by the court for that purpose.
The action was begun in the Superior Court of Pasquotank County on 4 February, 1922. Pleadings were filed during the year 1928. At November Term, 1929, the action was referred to a referee for trial. *Page 394 
Thereafter, on 6 October, 1933, the referee filed his report, setting out therein his findings of fact and conclusions of law, as he was ordered and directed to do by the court.
From the evidence offered at the several hearings by him, the referee found the following facts:
(1) John L. Hinton died in Pasquotank County, North Carolina, on or about 18 January, 1910. At the date of his death he was a widower, his wife, Sophia Hinton, having died on or about 20 October, 1907. He left surviving him the following named children, to wit: C. L. Hinton, R. L. Hinton, W. E. Hinton, E. V. Hinton, Mary F. Hinton, and Ida Sawyer, wife of Lee Sawyer, and the following named gradchildren [grandchildren], to wit: Ada V. Whitehurst, now the wife of Cecil Whitehurst, Flossie Nosay, now the wife of Henry Nosay, and Sophia Morgan, now the wife of J. C. Morgan, the said grandchildren being the children of his son, John C. Hinton, who died on or about 9 June, 1900.
Mary F. Hinton, daughter of John L. Hinton, deceased, died intestate on or about 26 August, 1917, leaving as her heirs at law her brothers, C. L. Hinton, R. L. Hinton, W. E. Hinton, and E. V. Hinton, her sister, Ida Sawyer, and her nieces, Ada V. Whitehurst, Flossie Nosay, and Sophia Morgan, children of her deceased brother, John C. Hinton.
C. L. Hinton, son of John L. Hinton, deceased, died intestate on or about 31 August, 1919, leaving surviving him his widow, Ruth Morgan Hinton (now Alley), and his three children, Sophia, Charles L., and John L. Hinton.
Ida Sawyer, daughter of John L. Hinton, deceased, died on or about 3 November, 1927, having first made and published her last will and testament, by which she devised and bequeathed all her property, both real and personal, to her husband, Lee Sawyer, and to her children, John M., Will Lee, Eddie, and Emma Sawyer. She died after this action was begun.
(2) After the death of John L. Hinton, to wit: On 29 January, 1910, his sons, C. L. Hinton and R. L. Hinton, propounded for probate in common form by the clerk of the Superior Court of Pasquotank County, North Carolina, as the last will and testament of the said John L. Hinton, deceased, a paper writing in words as follows:
"I, John L. Hinton, being at this time in good health and mind, do make, publish and declare the following to be my will and testament,
"I give to my wife, Sophia M. Hinton, for and during her natural life, all the property I have in this State except the Gordon Farm in Camden Co., and after her death, I give the same to my six children, Mary F. Hinton, Sophia Ida Hinton, Charles L. Hinton, E. V. Hinton, W. E. Hinton, and R. L. Hinton, to share alike. I give to my four *Page 395 
sons above named all the property I have in other States, to share alike. The Gordon Farm I give to Mrs. John C. Hinton, during her life, then to her four children, her son, John, to have the buildings, fifty acres around the house, and thirty acres of woods, the remainder to the other three children, share alike in said Gordon Farm, where they now reside.
"I appoint my sons C. L. Hinton and R. L. Hinton to be my executors to my will herein set forth.
"Signed and sealed this September 4, 1902,
 "Witnesses: JOHN L. HINTON. (Seal.) GEO. B. PENDLETON, WM. T. OLD."
(On the face of the said paper writing and across the devise of the Gordon Farm appears the following:)
"I revoke the gift of the Gordon Farm. May 18, 1906.
JOHN L. HINTON."
The said paper writing, with the codicil thereto, was duly probated in common form by the clerk of the Superior Court of Pasquotank County, as the last will and testament of John L. Hinton, deceased, and was thereafter duly recorded in the office of said clerk. C. L. Hinton and R. L. Hinton, who were named therein as executors of John L. Hinton, deceased, duly qualified as such executors.
(3) After the probate in common form of the last will and testament of John L. Hinton, deceased, the devisees therein named, except Sophia M. Hinton, who had died before the death of the testator, entered into possession of all the lands in this and other states of which the testator died seized and possessed, and received all the rents and profits from said lands, in accordance with their respective interests in said lands under the said last will and testament. From time to time they executed deeds by which certain of said devisees became the sole owners of certain tracts of said lands, and such owners have conveyed said tracts of land to purchasers who are now in possession of said tracts of land. The said devisees have received from time to time the purchase price of certain of the lands devised to them and have appropriated to their own use the amounts so received. One-sixth of the amounts so received by said devisees aggregates the sum of $26,375.
The said devisees have sold and conveyed timber standing and growing on certain of the lands devised to them, and have received from the purchasers of said timber the purchase price for said timber. One-sixth of the amount received by said devisees as the purchase price for timber sold by them is $1,189.57. *Page 396 
(4) The said devisees have collected and received as rents for the lands devised by said last will and testament, and not located in this State, the sum of $109.00 per year, for the years 1910 to 1931, inclusive.
(5) 6,000 acres of the lands owned by John L. Hinton, deceased, at the date of his death, and located in this State, were and are arable lands. The rental value of this arable land for the years 1910 to 1931, inclusive, was $4.00 per acre. One-sixth of the total rental value of said lands for said years is $84,000.
(6) Prior to the death of Mary F. Hinton, on or about 26 August, 1917, her brothers and her sister had conveyed to her all their right, title, and interest in and to certain tracts of land devised in the last will and testament of John L. Hinton, deceased, upon her agreement to convey all her right, title, and interest in other tracts of said land to them or to certain of said devisees. She had failed to execute deeds in accordance with said agreement. Shortly after her death, Ada V. Whitehurst, Flossie Nosay, and Sophia Morgan, as heirs at law of the said Mary F. Hinton, deceased, at the request of the devisees named in the last will and testament of John L. Hinton, deceased, signed deeds conveying to certain of said devisees all their right, title, and interest in certain lands devised in the last will and testament of John L. Hinton, deceased, and subsequent to his death conveyed by certain of the devisees to others of said devisees in severalty. The execution of said deeds by the said Ada V. Whitehurst, Flossie Nosay, and Sophia Morgan was procured by false and fraudulent representations made to them by devisees named in the last will and testament of John L. Hinton, deceased, and was without consideration.
(7) Ada V. Whitehurst, Flossie Nosay, and Sophia Morgan, the children of John C. Hinton, the deceased son of John L. Hinton, deceased, who with their husbands are the plaintiffs in this action, and R. L. Hinton, E. V. Hinton, W. E. Hinton, Ida Sawyer, wife of Lee Sawyer, and Sophia, Charles, and John L. Hinton, the children of C. L. Hinton, a son of John L. Hinton, deceased, who died subsequent to the death of his father, who are defendants in this action; were the heirs at law of John L. Hinton, deceased, living at the date of the commencement of this action.
(8) On or about 30 September, 1918, Ada V. Whitehurst and her husband, Cecil Whitehurst, Flossie Nosay and her husband, Henry Nosay, and Sophia Morgan and her husband, J. C. Morgan, heirs at law of John L. Hinton, deceased, filed with the clerk of the Superior Court of Pasquotank County a caveat to the probate in common form of the last will and testament of John L. Hinton, deceased, in which they alleged that the paper writing probated in common form as such last will and testament on 29 January, 1910, is not the last will and *Page 397 
testament of John L. Hinton, deceased, for the reason (1) that at its date the said John L. Hinton did not have sufficient mental capacity to make a will, and (2) that the signature of the said John L. Hinton on said paper writing was procured by undue and improper influence exerted upon the said John L. Hinton. The allegations in the caveat were denied in the answer filed by the propounders.
At the January Term, 1920, of the Superior Court of Pasquotank County, the issues raised by said caveat were submitted to a jury, and answered as follows:
1. Was the execution of the paper writing propounded as the last will and testament of John L. Hinton procured by undue influence? Answer: Yes.
2. At the time of the execution of said paper writing on 4 September, 1902, did the said John L. Hinton have sufficient mental capacity to make and execute a valid will? Answer: No.
3. Is the paper writing propounded, and every part thereof, the last will and testament of John L. Hinton, deceased? Answer: No.
4. Was the caveat filed more than 7 years after the original probate of the will in controversy and more than three years after Mrs. Ada V. Whitehurst and Mrs. Flossie Nosay each had attained the age of twenty-one years? Answer: Yes.
5. Were the caveators, Mrs. Whitehurst, Mrs. Nosay, and Mrs. Morgan, each married to their present husbands during her minority, and have they since their marriage been at all times under coverture? Answer: Yes.
On the verdict, it was ordered, adjudged, and decreed by the court that the paper writing propounded for probate in solemn form as the last will and testament of John L. Hinton, deceased, is not such last will and testament, and that the probate in common form of such paper writing as such last will and testament be and the same was set aside.
This judgment was affirmed on the appeal of the propounders to the Supreme Court of North Carolina See In re Hinton's Will, 180 N.C. 206,104 S.E. 341.
(9) The plaintiffs and the defendants, who are the only heirs at law of John L. Hinton, deceased, living at the date of the commencement of this action, are as tenants in common seized in fee, and in the possession of all the lands owned by John L. Hinton at the date of his death, except such portions of said lands as are now owned by purchasers for value claiming title under the paper writing which was probated in common form as his last will and testament, without notice. The plaintiffs own an undivided one-sixth and the defendants an undivided five-sixths interest in said lands. *Page 398 
(10) The execution of the paper writing which was probated in common form as the last will and testament of John L. Hinton, deceased, was procured by the fraud of the defendants, or by the fraud of their ancestors in title, and their possession of the lands owned by John L. Hinton since his death has been wrongful and fraudulent as against the plaintiffs.
(11) The lands of which the said John L. Hinton died seized and possessed and which have not been sold and conveyed to purchasers for value and without notice can be actually divided and partitioned among the parties to this action in accordance with their respective interests therein. These lands are specifically described in the report of the referee.
The referee's conclusions of law are as follows:
1. The feme plaintiffs are the owners of an undivided one-sixth interest in all the lands of which their grandfather, John L. Hinton, was seized and possessed at the date of his death, except such parts of said lands as are now owned by purchasers for value, and without notice, who claim title to the lands conveyed to them under the paper writing which was wrongfully probated in common form as the last will and testament of John L. Hinton, deceased. These lands are designated in the findings of fact, contained in the report of the referee, and are numbered 1 to 142, inclusive.
2. The defendants R. L. Hinton, E. V. Hinton, and W. E. Hinton are each the owner of an undivided one-sixth interest in all the lands of which their father, John L. Hinton, was seized and possessed at the date of his death, except such parts of said lands as are now owned by purchasers for value, without notice, who claim title under the paper writing which was wrongfully probated in common form as the last will and testament of John L. Hinton, deceased, such interest, however, being subject to liens and charges in favor of the plaintiffs, as hereinafter set out.
3. The defendant Lee Sawyer, surviving husband of Ida Sawyer, and John M., Will Lee, Eddie, and Emma Sawyer, children of Ida Sawyer, deceased, are the owners jointly of an undivided one-sixth interest under the last will and testament of Ida Sawyer, deceased, in all the lands of which John L. Hinton, father of Ida Sawyer, deceased, was seized and possessed at the date of his death, except such parts of said lands as are now owned by purchasers for value without notice, who claim title under the paper writing which was wrongfully probated in common form as the last will and testament of John L. Hinton, deceased, such interest, however, being subject to liens and charges in favor of the plaintiffs as hereinafter set out. *Page 399 
4. The defendants Sophia, Charles L., and John L. Hinton, children of C. L. Hinton, deceased, are the owners, jointly, of an undivided one-sixth interest, as heirs at law of C. L. Hinton, and the defendant Ruth Morgan Hinton (now Alley), is entitled to dower in an undivided one-sixth interest, as widow of C. L. Hinton, in all the lands of which John L. Hinton, father of C. L. Hinton, deceased, was seized and possessed at the date of his death, except such parts of said lands as are now owned by purchasers for value, without notice, who claim title under the paper writing which was wrongfully probated in common form as the last will and testament of John L. Hinton, deceased, such interest, however, being subject to liens and charges in favor of the plaintiffs as hereinafter set forth.
5. The deeds from the plaintiffs, as heirs at law of Mary F. Hinton, deceased, to certain of the defendants and to ancestors of the other defendants, having been executed by the plaintiffs without consideration, and having been procured by false and fraudulent representations made to the plaintiffs by said defendants, or their ancestors, are void, and should be canceled.
6. The plaintiffs are entitled to recover of the defendants, jointly and severally, (1) one-sixth of the total amount collected and received by the defendants or their ancestors as rents and profits from the lands which descended to the plaintiffs and defendants, at the death of John L. Hinton, as tenants in common, to wit: the sum of $84,000; (2) one-sixth of the total amount collected and received by the defendants or by their ancestors as the purchase price of lands which descended to the plaintiffs and the other heirs at law of John L. Hinton, at his death, and which were subsequently sold and conveyed by said defendants or their ancestors to purchasers for value, without notice, to wit: the sum of $26,375; and (3) three times one-sixth of the total amount collected and received by the defendants or by their ancestors as the purchase price of timber sold and conveyed by the defendants or by their ancestors from lands which descended to the plaintiffs and the other heirs at law of John L. Hinton, at his death, to wit: the sum of $1,189.57.
7. The plaintiffs are entitled to a lien on the five-sixths undivided interest of the defendants in all the lands of which John L. Hinton died seized and possessed, and which have not been conveyed by the defendants or by ancestors of the defendants to purchasers for value, without notice, for the amounts which the plaintiffs are entitled to recover of the defendants as hereinbefore set out, and that said amounts should be charged upon the said five-sixths undivided interest in said lands.
8. The feme plaintiffs are entitled to hold in severalty their interest in the lands which descended to them and to the other heirs at law of John L. Hinton, at his death, and which are now owned by them as *Page 400 
tenants in common, and are also entitled to have the interests of the defendants in said lands sold for the payment of the amounts due to the plaintiffs by the defendants as hereinbefore set out, if such sale be necessary.
After the report of the referee had been filed, the defendants in apt time filed numerous exceptions to the findings of fact and to the conclusions of law set out in said report. These exceptions were heard at June Term, 1934, of the Superior Court of Pasquotank County. At this hearing it was agreed that judgment might be rendered by the presiding judge out of Pasquotank County, and after the expiration of the term.
Thereafter judgment was rendered as follows:
"This cause coming on to be heard before the undersigned judge at June Term, 1934, of the Superior Court of Pasquotank County, and being heard on exceptions to the report of the referee heretofore filed;
"And it appearing that all the parties are properly before the court and represented by counsel, and that all the defendants have been made parties by proper service of process, and that any irregularity of service as to some of the defendants has been later cured, and that other defendants whose rights have accrued since the institution of this proceeding have been made parties by proper orders and have adopted the pleadings and exceptions filed by the other defendants;
"And the defendants having waived the right of jury trial of the issues raised by these exceptions;
"Now, therefore, after considering the pleadings, the evidence reported by the referee, the referee's report, defendants' exceptions thereto, and argument of counsel, it is now ordered, adjudged, and decreed that each and all the findings of fact and conclusions of law of the referee, as hereinafter modified, are found and adopted by the court, and the said report as hereinafter modified is in all respects approved and affirmed.
"That each and all of the defendants' exceptions to the referee's report be and the same are hereby overruled.
"That the referee's finding of fact No. 15, and conclusion of law No. 8, with respect to rents and profits received by the defendants from 6,000 acres of open land over a period of 21 years, are hereby modified and amended so as to fix the amount with which the defendants' shares are chargeable in the partition herein decreed at $63,000, instead of $84,000, as found by the referee, which said amount so found is in excess of any amount received by the plaintiffs from lands of John L. Hinton occupied by them during said period.
"That the referee's finding of fact No. 17, and conclusion of law No. 9, as to waste found to have been committed by defendants in the cutting and sale of timber, are hereby modified and amended so as to strike out the assessment of treble damages and to allow only simple *Page 401 
damages and fix the amount with which the defendants' shares are chargeable in the partition herein decreed as the amount received by defendants for the timber sold, with interest, which would be one-third of the amount set out in conclusion of law No. 9, to wit: $1,189.57, with interest from 4 February, 1922.
"That the referee's finding of fact No. 12, and conclusion of law No. 6, are hereby found and adopted by the court, and it is adjudged that defendants' shares in the land herein decreed to be partitioned are chargeable with the amounts found by the referee to have been received by the defendants from the sale of lands of which John L. Hinton died seized which were sold and conveyed by said defendants, to wit: the sum of $26,375, with interest from date set out in said report.
"The court further finds that defendants and their ancestors in title acted together and with common purpose and benefit in taking possession of the lands of which the said John L. Hinton died seized, and that they jointly received rents and profits therefrom, together with the purchase price of the lands and timber conveyed as set out in the referee's report, and the court adjudges that defendants' shares in said lands, which said shares together constitute 5/6ths thereof, are chargeable with said amounts in the partition of said lands herein decreed, jointly, so far as the plaintiffs are concerned.
"But if any of the said defendants desire to assert equities, rights, and liabilities among themselves with respect thereto, nothing in this judgment shall be held to preclude them from so doing, hereafter, either in this cause or in other proper proceeding for that purpose.
"That plaintiffs together are entitled to hold in severalty their one-sixth interest in the lands which descended to them from John L. Hinton, and of which he died seized, and this cause is remanded to the clerk of the Superior Court of Pasquotank County for the appointment by said clerk of commissioner, who shall make actual partition of said lands, allotting to plaintiffs one-sixth in value thereof, and to defendants, together, five-sixths in value thereof, as near as may be, charging defendants' five-sixths share therein with the amounts with which defendants' share is found to be chargeable in this proceeding, as found and approved by this court, as hereinbefore set out, which said amounts are decreed to be liens upon defendants' five-sixths share in said lands.
"That the plaintiffs have and recover of the defendants the costs of this proceeding, to be taxed by the clerk, including an allowance of $300 to the referee and of $ ____________ to the stenographer.
"By consent of the parties, this judgment is rendered out of term, out of the county, and out of the district.
"Dated at Oxford, N.C. 26 June, 1934.
W. A. DEVIN, Judge." *Page 402 
After the foregoing judgment had been filed in the office of the clerk of the Superior Court of Pasquotank, the following addendum thereto was filed in said office:
"As an addendum to the judgment entered in this cause and bearing date 26 June, 1934, it is ordered, adjudged, and decreed by the court that the shares of the defendants in the lands which descended to them as heirs at law of John L. Hinton are chargeable, jointly, so far as plaintiffs in this cause are concerned with the respective amounts as decreed in said judgment that plaintiffs should recover of the defendants, to wit: $63,000, for rents and profits, together with interest as found by the referee in his report filed in this cause, and with the sum of $1,189.57, with interest thereon from 4 February, 1922, for damages for waste committed by defendants, and the further sum of $26,375, with interest from date as set out in the said referee's report, which said last item represents the amount received by the defendants from the sale of certain lands of which said John L. Hinton died seized and possessed; and it is further ordered, adjudged, and decreed by the court that the said respective amounts attached as liens on the said lands of the said defendants, which they inherited from the said John L. Hinton, as of the date of the filing of the complaint in this cause, to wit: 31 December, 1928, and the said lien as of said date is hereby specifically declared and adjudged by the court.
"By consent, judgment in the cause is rendered out of term, and out of the county and as of the above term. This 5 July, 1934.
W. A. DEVIN, Judge Presiding."
To the foregoing judgment and addendum, the defendants in apt time excepted, and appealed from said judgment to the Supreme Court, assigning errors as appear in the record.
There is no error in the judgment in this action that plaintiffs, as heirs at law of John L. Hinton and of his daughter, Mary F. Hinton, both of whom died intestate, are now the owners of an undivided one-sixth interest, and that defendants, who are the remaining heirs at law of the said John L. Hinton and of the said Mary F. Hinton, are now the owners of an undivided five-sixths interest, in all the lands of which the said John L. Hinton died seized and possessed, except such of said lands as are now owned by purchasers for value, without notice, who claim title to the lands conveyed to them under devisees named in *Page 403 
the paper writing which was probated in common form as the last will and testament of John L. Hinton, on 29 January, 1910. The plaintiffs have no right, title, or estate in and to such lands. See Newbern v. Leigh,184 N.C. 166, 113 S.E. 674, 26 A.L.R., 266. In that case it was held by this Court that the setting aside of a duly probated will does not affect the title of grantees for value of devisees who had no knowledge or intimation that the will would be attacked, where, as in this State, there is a statute providing that probate in common form is conclusive evidence of the validity of the will, until the probate is set aside, and the will declared void, in a proper proceeding instituted for that purpose, C. S., 4145. All persons who claim in good faith under a will which has been duly probated in common form as provided by statute in this State are protected by its provisions, until the probate is attacked by a caveat proceeding instituted as provided by statute. C. S., 4158.
Nor is there error in the judgment that plaintiffs, as tenants in common with the defendants, are entitled to an accounting by the defendants for the rents and profits which the defendants have collected and received from the lands of which plaintiffs and defendants are seized and possessed as tenants in common. One who has received more than his share of the rents and profits from lands owned by him and others as tenants in common is accountable to his cotenants for their share of such rents and profits. In the absence of an agreement or understanding to the contrary, he is ordinarily liable only for the rents and profits which he has received. He is not liable for the use and occupation of the lands, but only for the rents and profits received. 47 C. J., 465.
There is error in the judgment that plaintiffs recover of the defendants the amounts set out in the judgment, and that the plaintiffs are entitled to a lien on the interest of the defendants in said land for said amounts. For this reason, the action is remanded to the Superior Court of Pasquotank County, with direction that an accounting be had in said court in accordance with this opinion, to determine in what amounts, if any, the defendants are indebted to plaintiffs on account of rents and profits received by the defendants from the lands of which plaintiffs and defendants are now seized and possessed as tenants in common.
From the date of the probate in common form of the last will and testament of John L. Hinton, deceased, to wit: 29 January, 1910, to the date of the final judgment of the Superior Court in the caveat proceeding instituted by the plaintiffs, the defendants and their ancestors were the owners and in the lawful possession of all the lands of which John L. Hinton died seized and possessed. These lands were devised to them by the last will and testament of John L. Hinton, which was duly probated in common form on 29 January, 1910. This probate was conclusive evidence of the validity of said will, until the same was set aside by the *Page 404 
judgment in the caveat proceeding. There is no evidence in the record in this appeal tending to show that at any time prior to the institution of the caveat proceeding, the defendants, or their ancestors, had any knowledge or intimation that the plaintiffs would attack the validity of the will under which they claimed. Nor is there any evidence in the record tending to show that any of the devisees in said will procured its execution by John L. Hinton by undue or fraudulent influence. For that reason, the defendants and their ancestors were entitled to the rents and profits of the lands devised to them until the probate was set aside and the will adjudged void. C. S., 4145.
The defendants are accountable to the plaintiffs for rents and profits received by them from the lands which are now owned by them as tenants in common, since the date on which it was finally adjudged that the paper writing under which they claimed is not the last will and testament of John L. Hinton, deceased. When such accounting has been had, the plaintiffs will be entitled to judgment in this action for their share of the rents and profits which the defendants have collected and received from the date of said judgment.
Error and remanded.
DEVIN, J., took no part in the consideration or decision of this case.