MRS. ADA V. WHITEHURST AND HUSBAND, CECIL WHITEHURST; MRS. FLOSSIE NOSAY AND HUSBAND, HENRY NOSAY, AND MRS. SOPHIA MORGAN AND HUSBAND, J. C. MORGAN, v. R. L. HINTON, E. V. HINTON, W. E. HINTON, MRS. IDA SAWYER AND HUSBAND, LEE SAWYER; MRS. RUTH MORGAN HINTON, AND SOPHIA, CHARLES L. AND JOHN L. HINTON, INFANTS, AND MRS. RUTH MORGAN HINTON, GUARDIAN AD LITEM OF SOPHIA, CHARLES AND JOHN L. HINTON, MINORS.

(Filed 30 September, 1942.)

**1. Reference § 4—**

In accordance with the opinion of the Supreme Court, the court below ordered a reference to determine the amount owed plaintiffs by defendants in the way of rents and profits accrued after a judgment invalidating a will. Plaintiffs excepted to the court's limiting the reference to the amounts due for rents and profits after the judgment, and appealed. *Held:* Appeal dismissed as fragmentary and premature. The court was authorized by the Supreme Court opinion to so limit the reference; and it does not appear that the court limited the reference because it had concluded that the plaintiffs were not entitled to proceeds from sales of lands and timber before the *caveat* judgment, the court not having passed on that question.

**2. Pleadings § 21—**

Amendments of pleadings are discretionary with the trial court.

**3. Same—**

A party cannot contend that any right he may have to amend his pleadings has been unduly restricted when he has tendered no amendment.

DEVIN, J., not sitting.

APPEAL by plaintiffs from *Williams, J.,* at March Term, 1942, of PASQUOTANK. Appeal dismissed.

The facts are fully stated in *Whitehurst v. Hinton,* 209 N. C., 392, 184 S. E., 66, a former appeal in this cause.

After the remand on the former appeal plaintiffs tendered an order of reference. In lieu of the order tendered the court signed an order

appointing a referee and directing that he "shall state an accounting and hear such further testimony as the parties to this action may desire to present or offer in support of, or tending to establish the respective contentions of the parties with respect to the determination of what amounts, if any, the defendants are indebted to the plaintiffs on account of rents and profits received by the defendants from lands of which plaintiffs and defendants are seized and possessed as tenants in common since the date on which it was finally adjudged the paper writing under which they claim is not the last will and testament of John L. Hinton, deceased." The order further granted leave to the parties to "amend or recast their pleadings in accordance with the opinion of the Supreme Court herein rendered, as heretofore certified." Plaintiffs excepted to so much of said order as limited the reference to the determination of the amounts, if any, due plaintiffs for rents and profits accruing after judgment in the *caveat* proceeding invalidating the will of John L. Hinton, deceased, and appealed. .

*P. W. McMullan and John H. Hall for plaintiffs, appellants.*
*W. I. Halstead and J. Kenyon Wilson for defendants, appellees.*

BARNHILL, J. The former opinion, *Whitehurst v. Hinton, supra,* decided (1) that, as there is no evidence in the record that defendants, by fraud or undue influence, wrongfully procured the execution of the will of John L. Hinton, deceased, or that they had any knowledge or notice that the validity of said will would be attacked, the plaintiffs may not recover rents and profits for the period from the probate of the will to the date it was adjudged to be void; (2) that plaintiffs are entitled to recover rents and profits received by defendants after the invalidity of said will was adjudged; and (3) the grantees of defendants under deeds executed prior to judgment in the *caveat* proceedings are innocent purchasers and acquired good title as against plaintiffs.

Did the Court, in that opinion, hold that defendants are not accountable for the proceeds received from the sale of land and timber prior to the *caveat* judgment? This is the real question this appeal seeks to present. There are at least two reasons why the question is not now properly before us for decision.

1. The court below was authorized to limit the reference to an accounting, as set out in the order. The order is couched in the exact language of this Court as used in the former opinion. Appeal therefrom is fragmentary and premature. *Leroy v. Saliba;* 182 N. C., 757, 108 S. E., 303, and cases cited; *Johnson v. Ins. Co.,* 215 N. C., 120, 1 S. E. (2d), 381.

2. It does not appear that the court ruled either *pro* or *con* on the controverted question. The reference may have been limited by reason

of the language of this Court, or, perhaps, the court may have concluded that such issues as are presented by the pleadings on that question are readily triable by jury without the intervention of a referee.　On this record we are unable to say and are unwilling to decide that the judge was motivated by the conclusion plaintiffs are entitled to recover only the rents and profits accruing after the judgment in the *caveat* proceeding.

The plaintiffs contend that their leave to amend was unduly restricted. This was discretionary with the court below.　C. S., 547; *Biggs v. Moffitt,* 218 N. C., 601, 11 S. E. (2d), 870; *Smith v. Ins. Co.,* 208 N. C., 99, 179 S. E., 457; *Gordon v. Gas Co.,* 178 N. C., 435, 100 S. E., 878; *Hogsed v. Pearlman,* 213 N. C., 240, 195 S. E., 789; *Maggett v. Roberts,* 108 N. C., 174.

Even so, plaintiffs have tendered no amendment.　Why should we surmise that such amendment as they may tender may be rejected as not being "in accordance with the opinion of the Supreme Court herein rendered."　They complain before they are hurt.

Appeal dismissed.

DEVIN, J., not sitting.