By agreement of counsel for the respective parties in these actions, the cases were consolidated for the purpose of trial, and referred to Larry F. Wood, Esq., who was appointed by consent, as a Referee to hear the evidence, find the facts and state his conclusions of law.
HUGHES, ET ALS., v. D. R. OLIVER.
On 17 October, 1944, the plaintiffs, John W. Hughes and others instituted this action in ejectment against the defendant, D. R. Oliver, alleging that in 1932 D. R. Oliver wrongfully and unlawfully entered into the possession of two tracts of land, a 70-acre tract and a 26.5-acre tract, and that the plaintiffs were and are the owners thereof and entitled to the possession of said lands.
The defendant, D. R. Oliver, filed a duly verified answer, in which he alleges that on 6 January, 1931, John W. Hughes (father of these plaintiffs) was the owner in possession of the aforesaid tracts of land, and that he executed a mortgage on the 70-acre tract of land, to D. B. Oliver (father of defendant), securing an indebtedness of $1,044.84, with interest, due and payable 1 January, 1932; that the mortgage was duly recorded; that the 26.5-acre tract of land was not covered by the mortgage and the defendant disclaims any interest therein; that there was default in the payment of said mortgage and that the mortgagee sold the same at public auction under the power of sale contained therein, on 4 February, 1932, at the courthouse door in Johnston County, and that the defendant, D. R. Oliver, became the last and highest bidder thereon in the sum of $1,000.00.
The plaintiffs filed a reply, alleging that the foreclosure of the said 70-acre tract was irregular and invalid for that, among other things, D. B. Oliver, mortgagee, purchased at his own mortgage sale and subsequently conveyed said land to his son D. R. Oliver, the defendant herein.
The pleadings also contain certain allegations and denials concerning the fair and reasonable rental value of the respective tracts of land.
At the January Term, 1945, of the Superior Court of Johnston County, his Honor, Luther Hamilton, Judge Presiding, signed a decree in accord with the disclaimer of the defendant, adjudging the plaintiffs to be the owners and entitled to the possession of the 26.5-acre tract of land.
D. B. OLIVER v. HUGHES, ET ALS.
This action was instituted on 22 December, 1944, by D. B. Oliver against the defendants, in which he seeks to foreclose a certain deed of trust, which he alleges was executed 1 January, 1927, by John W. Hughes, deceased, to the Southern Trust Company, Trustee, to secure a loan of $2,000.00, from the Virginia-Carolina Joint Stock Land Bank of Elizabeth City, N.C. and which he alleges he purchased on 1 November, *Page 683 
1932, for a valuable consideration, to wit, $1,909.35, which sum is due and unpaid, and that he is entitled to recover the same with interest; that the original Trustor is dead and the defendants are his heirs at law, except D. R. Oliver and the Southern Trust Company, Trustee; that the lands conveyed in the deed of trust to secure the aforesaid loan are a 70-acre tract and a 26.5-acre tract; that D. R. Oliver was made a party defendant because he is now the owner of the 70-acre tract, subject to the lien of the aforesaid deed of trust.
The defendant, D. R. Oliver, filed an answer admitting the allegations of the complaint, and for a further defense says he purchased the 70-acre tract at a foreclosure sale under a second mortgage, and as owner he is entitled to have the 26.5-acre tract sold first, and only if a deficiency exists should the 70-acre tract be sold.
The Trustee filed no answer. The other defendants, as heirs at law, filed a demurrer for lack of proper parties, no administrator of John W. Hughes, deceased, being a party. However, by consent the demurrer was withdrawn and John W. Hughes, one of the defendants, was appointed administrator; the administrator filed an answer denying the material allegations of the complaint, plead laches as a bar and also the failure of the plaintiff to list the note for taxation and to pay the taxes due thereon, which answer was adopted by the other defendants.
The Referee heard both cases and filed his report, to which all parties filed exceptions. When this cause came on to be heard upon the Referee's report, it appeared that the Referee had failed to pass on the various pleas in bar or to the statutes of limitations pleaded and found no facts in reference thereto, whereupon both cases were remanded to the Referee to hear such additional evidence as might be offered by the several parties and to state his findings of fact and conclusions of law with reference to said statutes of limitations and pleas in bar as set out in the pleadings in both cases. And D. R. Oliver, defendant in Hughes v. Oliver and D. B. Oliver, plaintiff in Oliver v. Hughes, were allowed ten days in which to file further pleadings setting up laches in said causes.
In the case of Hughes, et als., v. Oliver, the Referee found as a fact that John W. Hughes and his heirs had not been in possession of the 70-acre tract of land since on or about 4 February, 1932, that on or about that date D. B. Oliver, mortgagee, entered into possession of the 70-acre tract of land and continued in possession until 12 April, 1937, the date of the execution of the alleged mortgagee's deed from D. B. Oliver to D. R. Oliver, and that on said date the said D. R. Oliver, by virtue of said deed, entered into possession thereof and has been in the continuous possession of said 70-acre tract since that time; that D. B. Oliver, mortgagee, and D. R. Oliver have been in possession of the premises for a period of more than ten years prior to the institution of this action; that John W. Hughes, the mortgagor, surrendered possession of the 70-acre *Page 684 
tract to D. B. Oliver, mortgagee, on or about 4 February, 1932, and said mortgagor had full knowledge of the entry and possession of mortgagee until the time of his death on 29 November, 1934. The Referee found as a fact that the fair and reasonable rental value for the 26.5-acre tract of land was $100.00 per year for the three years next preceding the institution of this action. The defendant did not except to this finding of fact or to the conclusion of law based thereon.
The Referee held as a conclusion of law in his supplemental report, that the plaintiffs' cause of action was barred by the ten-year statute of limitations. Upon appeal to the Superior Court, his Honor overruled the findings of fact and conclusions of law in the Referee's first report, except as they coincide with the Court's findings of fact and conclusions of law. The findings of fact and conclusions of law in the supplemental report of the Referee, except as modified by the Court, were approved and confirmed. Upon the facts found, the Court entered judgment to the effect that the defendant's title was good, he having occupied the premises for more than seven years under color of title; and that neither the plaintiffs nor their ancestor in title, John W. Hughes, having been in possession of any of said lands within a period of ten years prior to the institution of this action, their cause of action is barred by the ten-year statute of limitations as set out in G.S., 1-47, and pleaded by the defendant, D. R. Oliver, in his answer, and that the plaintiffs are guilty of laches and are estopped from claiming any right, title or interest in the 70-acre tract of land.
In the case of Oliver v. Hughes, the Referee found as a fact that certain installments due on the note held by the plaintiff, fell due more than ten years prior to the institution of this action, and that the remaining installments were not barred by any statute of limitations; and that the defendants in this action have not sought to recover any sum for rent during the time of the mortgagor's possession of the lands described in the deed of trust. Exceptions were filed by plaintiffs and defendants to the Referee's first report, but no exceptions were filed to the supplemental report. His Honor overruled the findings of fact and conclusions of law of the Referee as stated in his first report, except in so far as they coincide with his findings of fact and conclusions of law. The findings of fact and conclusions of law in the Referee's second report, except as modified by the judgment entered, were approved and confirmed.
Whereupon, judgment was entered to the effect that D. B. Oliver is the owner and holder of the note which was executed by John W. Hughes and wife, 1 January, 1927, to the Virginia-Carolina Joint Stock Land Bank, in the original sum of $2,000.00, secured by deed of trust on both tracts of land referred to herein; that the balance due is $1,909.35, with interest thereon from 1 November, 1932, except such installments as matured prior to and including 1 July, 1934; and that D. B. Oliver is *Page 685 
entitled to have said lands sold to pay the balance due on said note; and ordered the lands be sold in the inverse order of alienation, that is, that the 26.5-acre tract should be sold first and the proceeds derived therefrom applied on the note, and if any balance then remains unpaid, the 70-acre tract should be sold to pay the balance. A commissioner was appointed to sell the property.
The plaintiffs appealed in the case of Hughes v. Oliver, and the defendants appealed in the case of Oliver v. Hughes, assigning error.
The first assignment of error is applicable to both appeals, and is directed to the refusal of the court below to strike out the pleadings filed by the appellees after the first report of the Referee had been filed. By permission of the court, and without objection on the part of any of the parties, all of whom were represented before the court at the time the order was made, the appellees were allowed ten days in which to file further pleadings setting up laches. This permission to file additional pleadings was granted in the same order in which the cases were remanded to the Referee to hear such additional evidence as might be offered by the several parties and to state his findings of fact and conclusions of law with reference to the statutes of limitations and pleas in bar set out in the respective pleadings.
The appellants contend that after the first hearing by the Referee, the respective parties were bound by their original pleadings. The contention is not well founded. It is the established practice under our Code system to be liberal in allowing amendments of process and pleadings, to the end that causes may be tried upon their merits. Garrett v. Trotter, 65 N.C. 430;Gilchrist v. Kitchen, 86 N.C. 20; Page v. McDonald. 159 N.C. 38,74 S.E. 642; Whitehurst v. Hinton, 222 N.C. 85, 21 S.E.2d 874;McDaniel v. Leggett, 224 N.C. 806, 32 S.E.2d 602; Hatcher v.Williams, 225 N.C. 112, 33 S.E.2d 617. It is discretionary with the trial court whether or not to allow an amendment to pleadings setting up laches. The rule relative to such plea is similar to that which allows the trial Judge in his discretion, to allow an amendment to set up the statute of limitations. Smith v. Smith, 123 N.C. 229, 31 S.E. 471; Balk v.Harris, 130 N.C. 381, 41 S.E. 940; Hardin v. Greene, 164 N.C. 99,80 S.E. 413.
It is well settled in this State that the exercise of a discretionary power by the trial court is not reviewable upon appeal, unless there has been a palpable abuse of such discretion. Gordon v. Pintsch Gas Co.,178 N.C. 435, 100 S.E. 878; Life Ins. Co. v. Edgerton, 206 N.C. 402,174 S.E. 96; Hogsed v. Pearlman, 213 N.C. 240, 195 S.E. 789; Byers *Page 686 v. Byers, 223 N.C. 85, 25 S.E.2d 466; Pharr v. Pharr, 223 N.C. 115,25 S.E.2d 471. No abuse of discretion has been made to appear on this record.
PLAINTIFFS' APPEAL IN HUGHES, ET ALS., v. OLIVER.
The plaintiffs assign as error the refusal of the court below to sustain their exceptions filed to the original report of the Referee. This assignment of error cannot be sustained, for the reason that upon the hearing before the court below, his Honor overruled all the exceptions, and set aside all the findings of fact and conclusions of law of the Referee, except in so far as they coincide with the findings of fact and conclusions of law of the court. Whereupon his Honor proceeded to find the facts, set out his conclusions of law, and to enter judgment accordingly.
The court found as a fact that D. B. Oliver, mortgagee, upon default in the payment of the aforesaid mortgage on the 70-acre tract of land, offered said land for sale at public auction on 4 February, 1932, after due advertisement, and that said land was bid off in the name of D. R. Oliver, but no deed was executed by D. B. Oliver, mortgagee, to D. R. Oliver, until 21 April, 1937; that on that day a deed was executed reciting the mortgage sale above referred to and said deed is dated 16 February, 1932, and was duly recorded 18 May, 1937, in the Registry of Johnston County. The other findings of fact are in substantial accord with the Referee's findings set out herein, except as to rent. The court below did not pass upon whether or not the plaintiffs are entitled to rents for the use of the 26.5-acre tract, as found by the Referee and to which finding of fact and conclusion of law the defendant did not except.
The court had the power upon the filing of the report of the Referee to affirm, amend, modify or set it aside, and to make its own findings of fact, and, when such findings are supported by competent evidence, they will not ordinarily be disturbed on appeal. Thigpen v. Trust Co.,203 N.C. 291, 165 S.E. 720. Moreover, there is no evidence set out in the case on appeal, unless the pleadings be treated as such. If they are so treated, they are sufficient to sustain the court's findings of fact. But if not so treated, it will be presumed that the findings of fact were based upon sufficient evidence. Radeker v. Royal Pines Park Co., 207 N.C. 209,176 S.E. 285. There are no exceptions to the court's findings of fact, and the findings of fact are sufficient to support the judgment entered below.Wilson v. Charlotte, 206 N.C. 856, 175 S.E. 306; Efird v. Smith,208 N.C. 395, 180 S.E. 581; Wilson v. Robinson, 224 N.C. 851,32 S.E.2d 601; Rader v. Coach Co., 225 N.C. 537, 35 S.E.2d 609; Foxv. Mills, Inc., 225 N.C. 580, 35 S.E.2d 869; Roach v. Pritchett, post, 747.
The judgment entered below denies a recovery to the plaintiff on three grounds: (1) The defendant having been in possession of the premises, *Page 687 
under color of title, for seven years next preceding the institution of this action, plaintiffs' cause of action is barred by the seven-year statute of limitations, as set out in G.S., 1-38, and pleaded by the defendant; (2) that the plaintiffs, and their ancestor in title, John W. Hughes, not having been in possession of any of said lands within a period of ten years prior to the institution of this action, their cause of action is barred by the ten-years statute of limitations, as set out in G.S.,1-47, subsection 4, and pleaded by the defendants; and (3) that the plaintiffs and their ancestor in title, John W. Hughes, up and until the time of his death, knew that D. R. Oliver claimed this 70-acre tract of land and that he constructed buildings thereon and made many improvements on said land, and over a long period of time, these plaintiffs, with full knowledge of these facts, made no claim of right, title or interest in the premises; that they are guilty of laches and are thereby estopped from claiming any interest in said tract of land.
Seven years' adverse possession, under color of title, is a bar in an action in ejectment as to all parties not under disability. G.S., 1-38;Locklear v. Savage, 159 N.C. 236, 74 S.E. 347; Carswell v. Creswell,217 N.C. 40, 7 S.E.2d 58; Ward v. Smith, 223 N.C. 141,25 S.E.2d 463; Vance v. Guy, 223 N.C. 409, 27 S.E.2d 117.
An action for the redemption of a mortgage, where the mortgagee has been in possession, is barred after the expiration of ten years from the time the right of action accrued. G.S., 1-47, subsection 4; Frederick v.Williams, 103 N.C. 189, 9 S.E. 298; Crews v. Crews, 192 N.C. 679,135 S.E. 784; Ownbey v. Parkway Properties, Inc., 222 N.C. 54,21 S.E.2d 900.
One guilty of laches has simply omitted "to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to adverse party." Black's Law Dictionary (3rd Ed.), p. 1062.Peedin v. Oliver, 222 N.C. 665, 24 S.E.2d 519; Stell v. Trust Co.,223 N.C. 550, 27 S.E.2d 524; Hardy v. Mayo, 224 N.C. 558,31 S.E.2d 748.
Here the plaintiffs, with full knowledge of all the facts relative to the 70-acre tract of land, and knowing the defendant was placing valuable improvements on the property, waited more than twelve years to assert any claim thereto. We think his Honor properly held them to be guilty of laches and are thereby estopped from claiming any right, title or interest in the property.
The judgment of the court below, in so far as it holds the defendant to be the owner and entitled to the possession of the 70-acre tract of land, will be upheld.
The plaintiffs, however, excepted to the refusal of the court below to render judgment in their favor for rent. The plaintiffs are not entitled to rent for the use and occupancy of the 70-acre tract of land. But, in *Page 688 
view of the defendant's disclaimer of title to the 26.5-acre tract of land, which he had occupied for more than seven years, and the finding of fact by the Referee that the reasonable rental value thereof was $100.00 per year for three years next preceding the institution of this action, and to which finding the defendant did not except, we think the plaintiffs are entitled to judgment for such rents. G.S., 1-341.
DEFENDANTS' APPEAL IN OLIVER v. HUGHES, ET ALS.
It appears from the record that the plaintiff herein went into possession of the 26.5-acre tract of land under the erroneous impression that his mortgage covered both the 70-acre tract and the 26.5-acre tract. But when it was discovered in 1944 that the foreclosed mortgage did not cover both tracts of land, the plaintiff elected to institute an action to foreclose the deed of trust held by him on both tracts, rather than to undertake to assert title otherwise.
The defendants, who are heirs at law of John W. Hughes, contend that if the plaintiff is entitled to foreclose his deed of trust, as provided in the judgment entered below, he must account for rents and profits while he was in possession of the respective tracts of land. This contention cannot be sustained on this record, for the reason no such relief is sought by them in their pleadings. It will also be noted that these defendants made no tender, nor do they allege a willingness or desire to exercise their right to redeem the lands conveyed in said deed of trust.
We have carefully examined the exceptions of the defendants bearing on the plaintiff's right to foreclose his deed of trust in the manner set forth in the judgment below, and they are without merit. The court below had the power to order the sale of the respective tracts of land included in the deed of trust, in the inverse order of alienation. Brown v.Jennings, 188 N.C. 155, 124 S.E. 150; Berry v. Boomer, 180 N.C. 67,103 S.E. 914.
The plaintiffs further except to the ruling of the court below, taxing them with the costs in the case of Hughes et als., v. Oliver, and to the taxing of the costs against the defendants in the case of Oliver v. Hughes,et als.
The cases were consolidated for trial and referred by consent of all parties. The plaintiffs in the case of Hughes, et als., v. Oliver having been adjudged the owners of the 26.5-acre tract of land in controversy and having established their right to certain rents by reason of the occupancy of said land by the defendant, their exception is not without merit.
We think the costs in the Superior Court in the case of Hughes, et als.,v. Oliver, should be divided equally between the plaintiffs and defendant; and the costs in the case of Oliver v. Hughes, et als., should be divided equally between the plaintiff and the defendants John W. Hughes, and others, heirs at law of John W. Hughes, deceased. *Page 689 
The case of Hughes, et als., v. Oliver is remanded for judgment in accord with this opinion.
The case of Oliver v. Hughes, et als., will be affirmed except as modified herein.
The case of Hughes, et als., v. Oliver — Error and remanded.
The case of Oliver v. Hughes, et als.. — Modified and affirmed.