DEVIN, J., took no part in consideration or decision of this appeal.
Civil action to restrain defendants from committing waste, cutting timber, and to recover for waste committed by them on that certain tract of land in Newland Township, Pasquotank County, North Carolina, known as the John Louis Hinton home place.
Plaintiffs allege in their complaint in brief these facts:
That they, owning not less than an undivided one-sixth interest, and defendants, with others, are the owners in fee as tenants in common of said tract of land, which together with other lands, is embraced within and is a part of the subject matter of that certain action or proceeding for partition and other relief, heretofore instituted by plaintiffs herein against defendants herein and others, and still at issue upon the docket of the court; that defendants, either in person or through their agents, servants and employees, have wrongfully and unlawfully committed waste, etc.; and that defendants are threatening to continue said waste, and if not restrained plaintiffs will be irreparably damaged.
Defendants, answering, deny title of plaintiffs and plead sole seizin. They admit, however, the pendency of a special proceeding instituted 4 February, 1922, entitled "Mrs. A. V. Whitehurst, and others, vs. R. L. Hinton, and others," to which defendants here as widow and minor children of C. L. Hinton, deceased, were named among others as defendants there, but they aver that said minors were not properly and legally parties to said proceeding. And they further admit that they have cut and removed timber from said lands, for which they stand ready to account if the court shall hold they are accountable therefor, etc.
And defendants, for further answer and defense, pleaded the three-year statute of limitation as to timber cut more than three years prior to institution of the action, and twenty years adverse possession, under known and visible lines and boundaries, and seven years adverse possession under color of title, in bar of this action and of any recovery by the plaintiffs herein, etc.
Plaintiffs, replying, allege that their ownership of an undivided interest in said land and premises is res judicata by virtue of the judgment *Page 18 
rendered by Honorable W. A. Devin, Judge presiding at June Term, 1934, of Pasquotank Superior Court, and of the opinion of the Supreme Court in Whitehurst v. R. L. Hinton, reported in 209 N.C. 392, 184 S.E. 66, the judgment roll in the case, including Supreme Court opinion, being by reference made a part thereof, and plead in bar of and as res judicata of any and all affirmative allegation in defendants' answer to the effect that they are the sole owners of the land and premises described in the complaint herein, or that they or some of them were not and are not properly before the court in the aforesaid former suit or action, etc.
Thereafter the parties waived a jury trial and agreed to submit the cause to the resident and presiding judge of the First Judicial District, upon case agreed, for his consideration and determination of the controversy, either in or out of the county and in or out of term and render a judgment as to him may seem proper, to which either or both parties may except and appeal to the Supreme Court as they may be advised.
Former decisions of this Court relating to matters pertinent to this appeal are these: In re Will of Hinton, 180 N.C. 206, 104 S.E. 341; Whitehurst v. Hinton, 209 N.C. 392, 184 S.E. 66; and Whitehurst v. Hinton, 222 N.C. 85, 21 S.E.2d 874. The records and opinions in these cases are referred to in statement of agreed facts, upon which the judgment below is predicated.
These, and the statement of agreed case, briefly stated, present these pertinent facts:
1. John L. Hinton, at the time of his death in January, 1910, was seized in fee of the land the subject of this action.
2. That on 1 June, 1910, Mary L. Hinton, daughter of John L. Hinton, and one of the devisees named in a paper writing propounded as his will, together with the other persons therein named as such devisees, other than C. L. Hinton, executed and delivered to C. L. Hinton a deed for "their entire rights and interests heired from their father John L. Hinton" in certain lands, including the John Louis Hinton home place.
3. Thereafter the paper writing, probated in common form and recorded as the last will and testament of John L. Hinton, deceased, upon caveat filed, was set aside. See In re Will of Hinton, supra.
4. Plaintiffs in the present action, children and heirs at law of John C. Hinton, son of John L. Hinton, who predeceased his father, were the feme caveators filing the caveat aforesaid, and C. L . Hinton, son of John L. Hinton, and one of executors named in the purported will, and father and husband of defendants in the present action, was a party to, and died pending the said caveat proceeding.
5. On 4 February, 1922, after the purported will of John L. Hinton was set aside, the plaintiffs in the present action, joined by their respective spouses, instituted a proceeding in Pasquotank County for the *Page 19 
partition of all the lands of which John L. Hinton died seized, including the John Louis Hinton home place, and for accountings for rents and profits. The record of this proceeding shows: (a) Among the defendants named in the title of the action or proceedings were "Mrs. Ruth Morgan Hinton and Sophia, Charles L. and John L. Hinton, minors, and Mrs. Ruth Morgan Hinton, guardian ad litem of Sophia, Charles L. and John L. Hinton, minors."
(b) The pertinent portion of the return of the sheriff as to service of summons is that it was "Served Feb. 6, 1922 by reading to and leaving a copy with . . . Mrs. Ruth Morgan Hinton, Charles L. Hinton, Sophia Hinton, John L. Hinton, Mrs. Ruth Morgan Hinton, guardian ad litem of her children."
(c) The appointment of Mrs. Ruth Morgan Hinton as guardian ad litem of her infant children, Sophia, Charles L. and John L. Hinton; and
(d) Answers and demurrers filed by defendants.
The action was referred. The report of the referee is set out in full in Whitehurst v. Hinton, 209 N.C. 392, supra. Among the findings of fact of the referee is this:
"(9) The plaintiffs and the defendants, who are the only heirs at law of John L. Hinton, deceased, living at the date of the commencement of this action, are as tenants in common seized in fee, and in the possession of all the lands owned by John L. Hinton at the date of his death" (exception not pertinent here).
And in his conclusions of law the referee declared the interests owned by the plaintiffs therein and by Ruth Morgan Hinton (now Alley), and her said minor children — defendants herein.
The record on appeal in the proceeding shows Mrs. Ruth Morgan Alley filed exceptions to the report of the referee, among which is exception "to so much . . . as finds that this defendant and her children, Sophia, Charles L. and John L. Hinton, were parties to the caveat proceeding or have been made, or have become parties in this action or proceeding and that pleadings were filed herein on behalf of all defendants and that the heirs at law of C. L. Hinton are properly before the court in this proceeding," for that "said findings are not supported by any competent or proper evidence, are contrary to the evidence, and are erroneous."
When the cause came on for hearing before judge holding the June Term, 1934, of Pasquotank County Superior Court, on exceptions to report of referee, the Judge, W. A. Devin, entered judgment which is shown in full in the report of Whitehurst v. Hinton, 209 N.C. 392, supra. This judgment has these pertinent findings and rulings: "And it appearing that the parties are properly before the court and represented by counsel, and that all the defendants have been made parties by proper service of process, and that any irregularity of service as to some of the *Page 20 
defendants has been later cured, and that other defendants whose rights have accrued since the institution of this proceeding have been made parties by proper orders and have adopted the pleadings and exceptions filed by the other defendants . . . Now, therefore, after considering the pleadings, the evidence reported by the referee, the referee's report, defendants' exceptions thereto, and argument of counsel, it is now ordered, adjudged, and decreed that each and all the findings of fact and conclusions of law of the referee, as hereinafter modified, are found and adopted by the court, and the said report as hereinafter modified is in all respects approved and affirmed. That each and all of the defendants' exceptions to the referee's report be and the same are hereby overruled." (The modifications referred to are not material to the appeal in present action).
And the appellants, in grouping their exceptions and assignments of error in record on appeal, include exceptions to the above portions of the judgment entered by Judge Devin, and also an exception to the overruling of Mrs. Alley's exception to the report of the referee as hereinabove set out.
On such appeal this Court, in opinion by Connor, J., while ruling error in other respects, held that "there is no error in the judgment in this action that plaintiffs, as heirs at law of John L. Hinton . . . are now the owners of an undivided one-sixth interest, and that defendants, who are the remaining heirs at law of the said John L. Hinton . . . are now the owners of an undivided five-sixths interest, in all the lands of which the said John L. Hinton died seized and possessed, except . . .," (the exception not being pertinent to present action).
In addition to the foregoing, the case agreed sets forth: (a) The facts in respect to which defendants base their claim of title by adverse possession; (b) that within three years next preceding the institution of this action timber was cut from the land in question by or for defendants as set forth, and that the cutting by some of defendants was started just before this action was begun and continued until stopped by the temporary order issued herein; and (c) that on or about 3 December, 1919, a guardianship proceeding was instituted concerning the children of C. L Hinton, deceased, which is of record in office of Clerk of Superior Court of Pasquotank County. The entire record in said proceedings is referred to and such parts as either party may desire to be included may be copied and submitted for consideration in connection with the instant case.
The cause coming on for hearing upon the agreed statement of facts, and being heard, and the court being of opinion and so finding and holding that plaintiffs and defendants are tenants in common of the land in controversy, the plaintiffs together owning an undivided one-seventh interest in fee in said lands, and the defendants together owning the remaining six-sevenths interest in fee in said lands, so adjudged, and *Page 21 
permanently restrained defendants from further acts of waste, etc. And from judgment in accordance therewith defendants appeal to Supreme Court, and assign error.
The assignments of error brought forward by appellants on this appeal are pivoted, in the main, upon the question as to whether defendants, other than Mrs. Alley, were parties to the former action or proceeding of Whitehurst v. Hinton, 209 N.C. 392, 184 S.E. 66, in which the judgment of Devin, Judge presiding, was entered at June Term, 1934, of Superior Court of Pasquotank County. As to this it appears from the record in that action or proceeding that this very question was presented to the court, and decided adversely to the contention now made by appellants that they were not such parties. And the decision so made was challenged, but not reversed on appeal to this Court. Hence the fact that defendants were parties to that action or proceeding is now res judicata.
However, in this connection it is not inappropriate to state that the record of the attempted appointment of a bank as general guardian of defendants here, then minors, prior to the institution of the former action or proceeding, is so incomplete and irregular that it might well have been doubted that either the cashier of the bank, or the bank itself, was vested with authority to represent the minors. Under such circumstances, the appointment of a guardian ad litem for the minors to represent them in the former action or proceeding, was not so defective as to render it invalid. Indeed, their mother was appointed guardian ad litem for them, and the record fails to show that the minors were disadvantaged by the judgment in the action or proceeding. The Court held that they and their codefendants, and the plaintiffs, as the only heirs at law of John L. Hinton, deceased, living at the date of the commencement of that action or proceeding as tenants in common, were then seized in fee, and in the possession of all the lands owned by John L. Hinton at the date of his death. And the land here involved was owned by John L. Hinton at his death.
Therefore, since as between tenants in common, title to real property may not be ripened by adverse possession in less than twenty years, Parham v. Henley, 224 N.C. 405, 30 S.E.2d 372, sufficient time between the date of the judgment of June, 1934, and the date of the institution of the present action, has not elapsed to avail defendants any advantage by any adverse possession they may have had during that period of time. *Page 22 
It is further contended by appellants that the present action abates by reason of the pendency of the former action of Whitehurst v. Hinton,209 N.C. 392, and S. c., 222 N.C. 85. On the other hand, appellees say the question is not properly presented on this record. But be that as it may, the point is not well taken. It must be borne in mind that abatement of an action because of the pendency of another action, takes place only when there is identity of parties and of subject matter in the two actions. See Taylor v. Schaub, 225 N.C. 134, 33 S.E.2d 658.
Tested by this principle of law, it is true that in the present case the tract of land on which the waste is alleged to have been committed, is one of the vast number of tracts of land sought to be partitioned in the former action, supra. It is also true that the plaintiffs in the present action are the petitioners or plaintiffs in the former action, and that the defendants in the present action are some of the defendants in the former action. And it is true that in the complaint in the former action there are general allegations of waste, — without specifying any particular tract of land on which waste was committed, and without charging any particular defendant with acts of waste. Moreover, in the former action injunction against further waste was not sought. On the other hand, the present action related to acts of waste subsequent in time and entirely independent of those alleged in the "petition and complaint" in the former action. And here injunction against waste then being committed, and against further acts of waste is sought. The causes of action are different in the two actions, and the results sought are dissimilar. Indeed, a final judgment in the former action would not support a plea of res judicata in the present action. This, it is held, is one of the tests of identity. Bank v. Broadhurst, 197 N.C. 365, 148 S.E. 452; Brown v. Polk, 201 N.C. 375,160 S.E. 357; Taylor v. Schaub, supra.
Thus after full consideration of all assignments of error, and arguments of counsel, in brief filed and orally before the Court, presented by appellants in support thereof, no error is made to appear, and the judgment below is
Affirmed.
DEVIN, J., took no part in consideration or decision of this appeal. *Page 23