FRANCES CROSS WATSON, Plaintiff v. WILBUR AUGUSTA CARR
AND WIFE, SHIRLEY VIOLA CARR, Original Defendants AND
K. R. HOYLE, Trustee, LILLIAN CROSS THORPE, JOHN WIL-
LIAM THORPE, Additional Defendants

No. 7011SC263

(Filed 5 August 1970)

1. **Tenants in Common § 3; Interest § 2; Judgments § 55— contribution
   by cotenant — mortgage payments — interest on judgment**
       Where it was determined by the jury that original defendants in
   this action to remove cloud from title were entitled to contribution and
   a lien against the interests of plaintiff and additional defendant in
   the subject property for payments made by original defendants on
   notes secured by deeds of trust on the property, the trial court did not
   err in entering judgment which allowed original defendants to recover
   interest from the dates of the payments made on the notes.

2. **Tenants in Common § 3— right to accounting — rents and profits
   actually received**
       Where the evidence established that plaintiffs and defendants owned
   the land in controversy as cotenants, plaintiffs were entitled to an
   accounting from defendants who have been in possession of the land,
   not for the reasonable rental value of the property, but for the rents
   and profits actually received from the land.

APPEAL from *McKinnon, J.,* 25 November 1969 Regular
Civil Session, LEE County Superior Court.

This case was before this Court at the Spring Session 1969
where the facts are set forth sufficiently for an understanding
of this appeal in an opinion written by Britt, J., reported in 4
N.C. App. 287, 166 S.E. 2d 503 (1969).

At the trial before McKinnon, J., and a jury, on 25 Novem-
ber 1969, evidence was offered which tended to prove the allega-
tions set forth in the pleadings, and that the defendants actually
rented the land during the years 1964 and 1965 to one H. M.
Jackson for $600.00 per year, and during 1966, 1967, 1968, and
1969, they rented the land to Henry Frank McIver for $200.00
per year.

At the close of the evidence the plaintiff and additional
defendant were permitted to amend their pleadings so as to pray
for the recovery of a reasonable annual rental from the defend-
ants Carr for their use and occupation of the land since 2
December 1963. The motion of the plaintiff and additional

defendant for a judgment as of nonsuit as to the defendants Carr's counterclaim was denied and the following issues were submitted to the jury and answered as indicated:

1.   Are the defendants, Carr, entitled to contribution and lien against the interest of the plaintiff, Frances Cross Watson, and the additional defendant, Lillian Cross Thorpe, for payments on mortgage indebtedness made as alleged in the answer?

Answer: Yes

2.   What amount, if any, have the defendants Carr paid on the mortgage indebtedness due to the Farm Home Administration:

Answer: $6,507.63

3.   What amount, if any, have the defendants Carr paid on the note secured by mortgage of Walter Cross and wife, Gladys M. Cross to Palmer-Reeves Company, Inc.?

Answer: $760.87

4.   What amount, if any, have the defendants Carr paid on the note of Frances Cross Watson and husband and secured by mortgage to Palmer-Reeves Company, Inc.?

Answer: $181.48

5.   What was the reasonable rental value of the lands described in the complaint during the period they were held by the defendants Carr?

Answer: $3,000.00

From the entry of the judgment on the verdict, the plaintiff and the additional defendant, and the original defendants, Carr, appealed assigning error.

*Pittman, Staton and Betts, and Ronald T. Penny, by J. C. Pittman, for plaintiff and additional defendant, appellants, appellees.*

*Harold W. Gavin for defendants Carr, appellants, appellees.*

HEDRICK, J.

APPEAL OF PLAINTIFF WATSON AND
ADDITIONAL DEFENDANT THORPE

[1]   The plaintiff and the additional defendant contend that the court below erred in that part of the judgment entered which required them to pay interest to the defendants Carr on amounts owed under the deeds of trust prior to 14 August 1968, the date this action was instituted.

The judgment entered by Judge McKinnon, in pertinent part, is as follows:

"3.   That the defendants Wilbur Augusta Carr and wife, Shirley Viola Carr, have and they are hereby granted a lien upon the four-ninths undivided interest of Frances Cross Watson in the aforesaid described land for the following:

"(a)   $2,892.28 with interest until paid at the rate of 3% on
$19.48 from December 30, 1963
$84.54 from December 11, 1964
$84.18 from November 30, 1965
$83.82 from November 7, 1966
$1,201.39 from November 1, 1967

Interest until paid at 5% on
$182.13 from December 11, 1964
$293.60 from November 30, 1965
$360.62 from November 7, 1966
$582.51 from December 1, 1967

"This covers the liability of the four-ninths undivided interest of Frances Cross Watson in said land for amounts paid by the defendants Carr to Farm Home Administration on the deeds of trust recorded in Book 156, at page 298 and Book 128 and page 601, Lee County Registry.

"(b)   $338.17 with interest at the rate of 6% on
$24.18 from December 30, 1963
$266.67 from March 6, 1964
$47.32 from July 20, 1964

"This covers the liability of the four-ninths undivided interest of Frances Cross Watson in said land for amounts paid by the defendants Carr to Palmer-Reeves Company, Inc., on deed of trust recorded in Book 175, at page 233, Lee County Registry."

The court did not commit error in allowing the defendants Carr to recover interest from the dates of the payments of the notes secured by the deeds of trust. This assignment of error is overruled.

### APPEAL OF ORIGINAL DEFENDANTS CARR

[2]   The defendants Carr upon this appeal contend that the court below committed error in submitting the fifth issue to the jury in regard to the reasonable rental value of the land.

The evidence presented at the trial was sufficient to establish as a fact that the plaintiff and the defendants owned the land as co-tenants, thereby entitling the plaintiff and the additional defendant to an accounting from the defendants Carr for rents actually received. *Hunt v. Hunt and Lucas v. Hunt,* 261 N.C. 437, 135 S.E. 2d 195 (1964). The evidence that the original defendant actually received rent for the property during the years 1964, 1965, 1966, 1967, 1968, and 1969 was sufficient to bring the plaintiff's and additional defendant's case within the rule announced by Conner, J., in *Whitehurst v. Hinton,* 209 N.C. 392, 184 S.E. 66 (1936), as follows:

"One who has received more than his share of the rents and profits from lands owned by him and others as tenants in common is accountable to his cotenants for their share of such rents and profits. In the absence of an agreement or understanding to the contrary, he is ordinarily liable only for the rents and profits which he has received. He is not liable for the use and occupation of the lands, but only for the rents and profits received. 47 C.J., 465."

The facts of the instant case are distinguishable from the facts in the case of *Lovett v. Stone,* 239 N.C. 206, 79 S.E. 2d 479 (1954).

It was error for the court to submit the issue of reasonable rental to the jury as the rule announced in *Whitehurst, supra,* limits the recovery in the instant case to rents actually received. Therefore, that portion of the judgment of the court below which pertains to the fifth issue is vacated and the case is remanded to the Superior Court of Lee County for further proceedings. The plaintiff and the additional defendant will be permitted to amend their pleadings to allege a claim for their portion of the rents actually collected by the defendants Carr. The remainder of the judgment is affirmed.

Appeal of Plaintiff Watson and Additional Defendant Thorpe—Affirmed.

Appeal of Original Defendants Carr—Error and remanded.

BROCK and BRITT, JJ., concur.