MAGGIE M. STEWART, ADMINISTRATRIX OF SAMUEL E. STEWART v. FRANK STEWART ET AL.

(Filed 18 April, 1928.)

**Descent and Distribution—Persons Entitled—Illegitimate Children Made Legitimate by Subsequent Marriage—Statutes—Retroactive Statutes.**

The statute of 1917, now C. S., 279, making a bastard child legitimate for the purposes of inheritance from his putative father when the father afterwards marries the mother, is, by its express terms, retroactive as well as prospective in effect; and upon the dying intestate of the father, under the facts of this case, the son is entitled to the balance of the proceeds of the sale of land to make assets to pay debts, subject to his mother's dower right, after paying creditors and court costs, as against the collateral heirs of the father.

APPEAL by defendants, other than Frank Stewart, from *Shaw, J.,* at February Term, 1928, of FORSYTH. Affirmed.

Proceeding for sale of land for assets, and for the determination of a controversy between defendants, Frank Stewart, of the one part, and

his codefendants, of the other part, as to which of them is entitled to the balance of the proceeds of the sale of the land, after the payment of the debts of the deceased, and the costs of administration.

It is admitted that Maggie M. Stewart, widow of deceased, is entitled to dower in said land.

The defendant, Frank Stewart, contends that he is the only child of Samuel E. Stewart, deceased, and is therefore his sole heir at law; this contention is denied by his codefendants, who contend that as brothers and sisters, and children of deceased sisters, of Samuel E. Stewart, they are his heirs at law, and are therefore entitled to any sum which may be in the hands of the administratrix, arising from the sale of the land, for distribution, after the payment of the debts of the deceased, and the costs of administration.

The court was of opinion that upon the facts agreed, defendant Frank Stewart is the sole heir at law of Samuel E. Stewart, deceased.

From judgment in accordance with this opinion, defendants, other than Frank Stewart, appealed to the Supreme Court.

*Wallace & Wells for appellants.*
*R. M. Weaver and Hastings & Booe for Frank Stewart, appellee.*

CONNOR, J. Samuel E. Stewart died on 19 August, 1926. At the date of his death, he was seized in fee and in possession of lands situate in Forsyth County, and described in the petition herein. His widow, Maggie M. Stewart, was duly appointed administratrix of deceased, and has instituted this proceeding for the sale of the lands of her intestate, for assets. She has joined as defendants in this proceeding Frank Stewart, who contends that he is the sole heir of Samuel E. Stewart, and his surviving brothers and sisters, and the children of his deceased sisters, all of whom deny that Frank Stewart is the heir of Samuel E. Stewart, and contend that they are his heirs. The only question presented for decision arises out of the conflicting contentions of the defendants as to which of them is entitled to the balance that may remain in the hands of the administratrix, out of the proceeds of the sale of the lands of her intestate, after the payment of his debts and the costs of administration.

Frank Stewart was born on 8 July, 1895. At the date of his birth, his mother was unmarried. She charged that Samuel E. Stewart was the father of Frank Stewart and that she had been seduced by him. On 28 July, 1895, Samuel E. Stewart and the mother of Frank Stewart were married. They lived together as husband and wife for several months, when they separated. In May, 1900, the bonds of matrimony existing between them were absolutely divorced by a decree rendered in an action

instituted in 1893 in the Superior Court of Forsyth County by Samuel E. Stewart against his wife, the mother of Frank Stewart. The ground for divorce was abandonment. After the separation of Samuel E. Stewart and his wife, Frank Stewart lived with his mother. Samuel E. Stewart was the reputed father of Frank Stewart. Both Samuel E. Stewart and his divorced wife subsequently married again. No children were born to Samuel E. Stewart of his second marriage.

In 1917, the General Assembly of North Carolina enacted a statute, which is now C. S., 279. It is in words as follows:

"When the mother of any bastard child and the reputed father of such child shall intermarry or shall have intermarried at any time after the birth of such child, the child shall in all respects after such intermarriage be deemed and held to be legitimate and entitled to all the rights in and to the estate, real and personal, of its father and mother that it would have had had it been born in lawful wedlock."

Upon the facts agreed, by virtue of the statute, Frank Stewart was the heir of Samuel E. Stewart, at his death, in 1926. Samuel E. Stewart, having died intestate, all the lands of which he was seized in fee descended to Frank Stewart, subject to the dower of the widow of Samuel E. Stewart, and subject to sale for assets for the payment of the debts of the deceased, and of the costs of administration. By its express language, the statute is retroactive as well as prospective; by its terms the status of Frank Stewart in his relation to his reputed father, Samuel E. Stewart, at the date of the death of the latter, was fixed. We concur with the opinion of the learned judge of the Superior Court that Frank Stewart is the heir of Samuel E. Stewart. There is no error in the judgment. It is

Affirmed.