W. SCOTT RADEKER. v. ROYAL PINES PARK, INC., AND
MARGUERITTE JACKSON.

(Filed 10 October, 1934.)

**Judgments K b—It will be presumed on appeal that findings upon which judgment is set aside under C. S., 600, are supported by evidence.**

Where no evidence appears in the case on appeal from an order setting aside a judgment for surprise and excusable neglect under C. S., 600, it will be presumed that the findings of fact are based upon sufficient evidence in the absence of exceptions to the findings, and the order will be affirmed where the findings sustain the court's holding that movants have

shown excusable neglect and meritorious defense. As to whether the pleadings, judgment sought to be set aside, and the record incident thereto, and the motion and affidavit of movants may be treated as evidence, *quære?*

MOTION to set aside a judgment, heard before *Pless, J.,* at June Term, 1934, of BUNCOMBE. Affirmed.

This was a motion made before the general county court of Buncombe by the defendant Royal Pines Park, Inc., and intervenors Louis M. Bourne, Haywood Parker and John DuBose, under C. S., 600, to set aside a judgment by default final rendered in said court in the above entitled cause on 19 December, 1932. From judgment granting the motion the plaintiff appealed to the Superior Court, and from judgment there affirming the court below, appealed to this Court, assigning errors.

*Weaver & Miller for appellant.*
*Bourne, Parker, Bernard & DuBose for appellees.*

PER CURIAM. The judge of the general county court of Buncombe, "after hearing evidence for plaintiff and movants, and .argument of counsel," found the facts, and upon the facts so found held, "in its discretion and as a matter of law, . . . that the movants have shown excusable neglect and a meritorious defense," and adjudged that the default judgment and the proceedings pursuant thereto, be "declared null and void and set aside."

No evidence appears in the case on appeal, unless the pleadings, the judgment sought to be set aside and the record incident thereto, and the motion and affidavit of the movants be treated as evidence. If these be so treated, they furnish sufficient basis for the findings of fact. If they be not so treated, then, in the absence of the evidence from the case on appeal, the findings of fact are presumed to be based upon sufficient evidence. And withal there are no exceptions to the findings of facts. These findings are final and binding upon this Court.

The findings of fact fully sustain his Honor's holding that the movants have shown excusable neglect and meritorious defense. In no view of the case, therefore, should the judgment be reversed. *Abbitt v. Gregory,* 195 N. C., 203; *Bank v. Duke,* 187 N. C., 386; *Weil v. Woodard,* 104 N. C., 94.

Affirmed.