Affirmed. *Page 390 
Motion in the cause, which is a civil action to abate a public nuisance.
At the original trial the place of business of the defendant was adjudged to be a public nuisance and it was ordered abated and it was further ordered "that all fixtures, furniture, musical instruments or other movable property which have been used by the defendant Bill Humphrey in conducting the said nuisance shall be removed," etc. Thereafter, under execution duly issued, the sheriff of Lenoir County seized all the movable property, including a stock of merchandise found on the premises, and proceeded to sell the same. Thereupon, the defendant Humphrey, contending that the sheriff had seized property not subject to the order of condemnation, instituted an action to restrain the sale. From an order dissolving the restraining order the plaintiff therein appealed. Upon hearing in this Court the judgment was reversed. Thereafter, the defendant Humphrey filed a motion in this cause in the court below for modification and clarification of the judgment entered.
Upon hearing the motion the court ordered that an issue be submitted to a jury as follows, to wit: "What movable property, if any, seized by the sheriff of Lenoir County and now in this possession, under execution in this case, was used in conducting said nuisance?" and, pending the submission of said issue, restrained the sheriff from proceeding further under the execution. Plaintiff excepted and appealed.
The proceedings in the court below on the motion filed is in substantial accord with the opinion of this Court rendered in Humphrey v. Churchill,Sheriff, 217 N.C. 530. Even if it be conceded that the trial judge had the power to find the facts on the motion filed he had the authority to call a jury to his aid and to submit the issue of fact to the jury for determination.
The judgment below is
Affirmed.