VIRGINIA ELIZABETH PRESSLAR WINFIELD v. HENRY BOYCE WINFIELD.

(Filed .26 November, 1947.)

**1. Divorce § 17—**

Where the wife institutes suit for divorce, her remedy to require defendant to provide support for the minor child of the marriage is by motion in the cause, which may be filed either before or after final judgment. G. S., 50-13.

**2. Divorce § 12—**

Where, upon the wife's motion in the cause to require defendant to provide support for the minor child of the marriage, made after decree of absolute divorce, the husband files affidavit denying paternity, and at his instance the issue is transferred to the civil issue docket, the trial court has the discretionary power to order defendant to provide for support of the child and counsel fees *pendente lite*, and the presumption of legitimacy arising from the birth of the child in wedlock obtains in her favor in passing upon the question. The sufficiency of the affidavit to raise the issue and the correctness of the order transferring the issue to the civil issue docket are not presented by exception.

APPEAL by defendant from *Patton, Special Judge,* at Extra Term, 12 May, 1947, of MECKLENBURG.

Civil action for absolute divorce on ground of two years separation, for custody of six-year-old child of the marriage, and motion after verdict for his support.

The complaint, filed 6 September, 1945, alleges that plaintiff and defendant were married on 16 October, 1932; that one child was born of the marriage, 22 July, 1939, named Henry Boyce Winfield, Jr.; that by mutual consent and agreement, the plaintiff and defendant separated in December, 1942, and have lived continuously in a state of separation since that time; that the plaintiff is entitled to the custody of the child and to an order providing for his support. Wherefore, plaintiff prays for divorce, for custody of the child and for his support.

The defendant filed no answer.

At a Special October Term, commencing on 15 October, 1945, Mecklenburg Superior Court, judgment of absolute divorce was entered on a verdict. In this judgment, no provision was made in respect of the custody of the child or his support.

Thereafter, on 8 April, 1947, plaintiff filed motion in the cause to require the defendant to contribute to the support of Henry Boyce Winfield, Jr., who, on account of a severe burn, had been hospitalized and still needed medical care.

On 5 May, 1947, the defendant, in answer to the motion, filed affidavit denying the paternity of the child and demanded a jury trial on the issue.

The matter was, by order of the Presiding Judge, transferred to the civil issue docket for trial.

At the same time, it was adjudged that the defendant should pay $9.00 a week *pendente lite* for the support of the child and $100 to be applied on counsel fees.

From this order for support and counsel fees *pendente lite,* the defendant appeals, assigning errors.

*H. L. Strickland for plaintiff, appellee.*
*McRae & McRae for defendant, appellant.*

STACY, C. J.　While the plaintiff objected to the order transferring the issue of paternity to the civil issue docket for trial, no exception was noted to this part of the judgment. Hence, the correctness of the order is without challenge on the instant record. Nor is the sufficiency of the defendant's affidavit to raise the issue presently presented. The only question is the correctness of the order, entered on plaintiff's motion, making partial provision for the child's support and for part payment on counsel fees.

In the case of *Green v. Green,* 210 N. C., 147, 185 S. E., 651, where a minor child sued her putative father for support and maintenance, it was held that neither by statute nor by the common law was the plaintiff entitled to support and counsel fees *pendente lite.* However, that case stands on a different footing from this one. There, an independent action was brought by a minor against her father for support and maintenance. She also asked for counsel fee pending the trial. The action was sustained, but allowance *pendente lite* was denied for want of legislative sanction or authorization.

Here, the mother of the child files a motion in the divorce action for partial support of the child, the only remedy available to her, *In re Blake,* 184 N. C., 278, 114 S. E., 294, and she is met with the defendant's denial of paternity and demand for a jury trial to determine the issue. In these circumstances, the court evidently thought it but meet and proper that the plaintiff should be awarded support and suit money *pendente lite,* if she must needs await the outcome of a jury trial had at the instance of the defendant.

It is provided by G. S., 50-13, that after complaint filed in any divorce action, "both before and after final judgment," it shall be lawful for the judge "to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders." Under this statute, it would seem that the allowance, here made for support and counsel fees *pendente lite,* was within the sound discretion of the trial judge. *Story v. Story,* 221 N. C., 114, 19 S. E. (2d), 136; *Sanders v. Sanders,* 167

N. C., 317, 83 S. E., 490. It is such an order, respecting the care and maintenance of the minor child, as was deemed proper.

The presumption of legitimacy, which arises from the birth of the child in wedlock, inures to the benefit of the plaintiff on her present motion. Certainly, this presumption, if not conclusive, continues until otherwise determined. Having sought and obtained an order transferring the matter to the civil issue docket for trial before a jury, the defendant, on this record, can hardly complain at being required to assist in the payment of part of the costs.

The order will be allowed to stand.

Affirmed.