GERALDINE C. CARTER v. RONALD W. CARTER.

(Filed 8 November, 1950.)

**1. Appeal and Error § 40d—**

Where the testimony offered at the hearing is not brought forward in the record, it will be presumed that the findings of fact are supported by competent evidence.

**2. Divorce and Alimony § 17—**

G.S. 49-12 and G.S. 50-13 must be construed *in pari materia,* and therefore where the reputed father of a child marries the child's mother after its birth, such child is deemed legitimate just as if it had been born in lawful wedlock, G.S. 49-12, and such child is a minor child of the marriage within the purview of G.S. 50-13, and the father may be required to furnish support for such child upon motion made either before or after decree of divorce.

---

CARTER v. CARTER.

---

**3. Statutes § 5a—**

> The General Assembly may define a word used in a statute and give it new or additional meaning not strictly within its ordinary definition, which meaning the courts must follow to effectuate the intent and purpose of the legislative act.

**4. Divorce and Alimony § 18—**

> Whether a child is a "minor child of the marriage" within the purview of G.S. 50-13 may be a question of fact rather than an issue of fact, but even so, the trial court may call a jury to its aid to hear the evidence and determine the question.

APPEAL by defendant from *Williams, J.,* March Term, 1950, LENOIR. Affirmed.

Divorce action, heard on motion for allowance for the education and maintenance of the minor child of the marriage as provided by G.S. 50-13.

The child in question was born to plaintiff shortly before her marriage to defendant. She and defendant were married 4 November 1946, pending an action against defendant for the support of said child in which he was charged with her paternity. Shortly after the marriage they separated. After two years had elapsed, plaintiff instituted this action for divorce under G.S. 50-6. Since that time defendant had contributed nothing toward the support of said child. A final decree of divorce was entered at the January Term, 1950, Lenoir Superior Court.

On 10 February 1950, plaintiff entered a motion in the cause for an order requiring defendant to pay plaintiff a reasonable sum at stated intervals "for the tuition and maintenance of the said minor child of plaintiff and defendant." The defendant filed answer to the motion in which he alleges the birth of said child to plaintiff before she and he intermarried and denies that he is the father of said child or that it is a child "born to the marriage between him and . . . plaintiff."

The motion came on for hearing out of the county, at Kenansville, N. C., by consent. The court below, "after hearing the evidence of the respective parties and the arguments of counsel," found the facts, including the finding that defendant "was the putative father of said child." It thereupon transferred the motion to the civil issue docket to the end that defendant may have a jury trial on the question of paternity, and ordered that the defendant, pending hearing before a jury, pay $30 per month for the support and maintenance of said child and certain attorneys' fees. Defendant excepted and appealed.

*Sutton & Greene for plaintiff appellee.*
*Jones, Reed & Griffin for defendant appellant.*

BARNHILL, J.   The testimony offered at the hearing is not brought forward in the record.   Therefore, it must be presumed that the findings of fact are supported by competent evidence.   *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Radeker v. Royal Pines Park, Inc.,* 207 N.C. 209, 176 S.E. 285.

Upon the facts found, the one question presented for decision is this: Is the child born to plaintiff and defendant prior to their intermarriage a child of the marriage within the meaning of G.S. 50-13?   We are constrained to answer in the affirmative.

G.S. 49-12 provides that when the mother of an illegitimate child and the reputed father of such child shall intermarry at any time after the birth of such child, the child "shall in all respects after such intermarriage be deemed and held to be legitimate and entitled to all the rights in and to the estate, real and personal, of its father and mother that it would have had had it been born in lawful wedlock."

Under G.S. 50-13, the judge may enter an order in a divorce action, either before or after final judgment therein, requiring the father to furnish support for the education and maintenance of the "minor children of the marriage" which is the subject matter of the action.   *Winfield v. Winfield,* 228 N.C. 256, 45 S.E. 2d 259.

In part these two sections of our statutes regulate the family circle and define the rights and responsibilities of members of that circle.   They must therefore be construed *in pari materia.*

From and after the marriage of the mother and the reputed father of an illegitimate child, such child shall be deemed and held to be legitimate just as if it had been born in lawful wedlock.   In a divorce action the father of a child of the marriage may be required to support such child. In brief, these are the pertinent provisions of the two sections.

When used in reference to a child, "legitimate" means "lawfully begotten," "born in wedlock," "having or involving full filial rights and obligations by birth."   Webster's New Int. Dic., 2d Ed.

G.S. 49-12 gives to the word "legitimate" a new or additional meaning not strictly within its ordinary definition.   It is within the legislative power to define the sense in which words are employed.   For it to do so is not an invasion of the province of the courts.   50 A.J. 253.   Instead, we adopt the meaning impressed upon words by legislative enactment, for we are bound to follow the intent and purpose of its acts.

So then, in determining the status and rights of the child of plaintiff and defendant under the circumstances here existing, we are enjoined by the Legislature to hold that it is legitimate, that is, that it was lawfully begotten, was born in wedlock, and possesses full filial rights and obligations by birth.   This being true, we must conclude that it is in law a minor child of the marriage of the plaintiff and defendant.   *Stewart*

*v. Stewart,* 195 N.C. 476, 142 S.E. 577; *In re Estate of Wallace,* 197 N.C. 334, 148 S.E. 456. If it was lawfully begotten and born in wedlock —as, under the statute, we must conclude—it is a child of the marriage within the meaning of G.S. 50-13.

The use of the word "reputed" rather than "putative" in G.S. 49-12 "was intended merely to dispense with absolute proof of paternity, so that, if the child is 'regarded,' 'deemed,' 'considered,' or 'held in thought' by the parents themselves as their child, either before or after marriage, it is legitimate." *Bowman v. Howard,* 182 N.C. 662, 110 S.E. 98.

On the hearing of a motion of this kind, whether the child is "a minor child of the marriage" is perhaps a question of fact rather than an issue of fact. Even so, the trial judge had the authority to call a jury to his aid to hear the evidence and determine the question at issue. *Barker v. Humphrey,* 218 N.C. 389, 11 S.E. 2d 280. It was to this end that the motion was transferred to the civil issue docket. The allowance of support for the child, pending final hearing, was not improper.

The judgment entered in the court below is
Affirmed.