SAM GREENLEE, EDD GRIER, GEORGE GRIER, CHARLES GRIER, EVAGALIN GRIER, MARY ETTA GRIER, JASON McKINNEY, CHARLES McKINNEY, JOE McKINNEY, AUGUSTUS McKINNEY, OARA McKINNEY, IMMA LOU McKINNEY HENSLEY, MYRTLE LOIS McKINNEY, KATHLYN McKINNEY YORK, RALPH McKINNEY, LEWIS McKINNEY, NELL McKINNEY, CARRIE MEDFORD, POLLY GOWAN, SUE McKINNEY, KATE McKINNEY ALLEN, JAMES McKINNEY, MARY McKINNEY VANCE, MAGGIE McKINNEY DAVENPORT, ETTA McKINNEY LUSK, OSWELL McKINNEY, MRS. JOHN McKINNEY, AVERY McKINNEY, GEORGE McKINNEY, PAUL McKINNEY, BILL McKINNEY, YANCEY HALL, PLATO HALL, MARY YOUNG, NORA ABERNATHY, HALL HAUPE, BRACK McKINNEY, EDITH McKINNEY, GLADAS KELLEY, INEZ WILLIS, CLARA GARLAND, EULA KNOWLES, JOYCE McCALL, WAYNE McCALL v. DAN QUINN.

(Filed 8 November, 1961.)

GREENLEE *v.* QUINN.

**1. Descent and Distribution § 8; Bastards § 12—**

G.S. 49-12 is retroactive as well as prospective in effect, and where the parents of an illegitimate child marry, such child is legitimated even though born before the enactment of the statute, and the legitimate children of such child inherit from their grandfather through their mother even though their mother dies prior to the death of their grandfather. G.S. 29-1(3).

**2. Same—**

The legitimate children of a legitimated child inherit from a legitimate paternal half-sister of their deceased mother when such half-sister dies intestate without lineal descendants, since a legitimated child has the same right to inherit from collateral relations as if born in wedlock, and the children of such legitimated child take her interests.

APPEAL by petitioners from *McLean, J.,* at April 1961 Term of MITCHELL.

Special proceeding before the Clerk of Superior Court for partition for sale of four described tracts of land to which the petitioners allege title as tenants in common. Defendant Dan Quinn, by answer, denies that the petitioners own the land as tenants in common and alleges that he is sole owner in fee simple and is rightfully in possession of the four described tracts. By reason of the issues raised by the answer, the cause was placed on the civil issue docket for trial in term.

By agreement of the parties jury trial was waived, and this matter was heard by the court upon stipulations agreed to between the parties.

The parties stipulated as follows: "It is stipulated and agreed between the parties plaintiffs and parties defendants and their counsel that this action was started as a partitioning proceeding by the petitioners seeking to sell lands described as four several tracts located in Mitchell and McDowell Counties which plaintiffs claim to own in fee simple, together with the two minor defendants named as tenants in common.

"2. That the defendant Dan Quinn was made a party because he also claimed the land described.

"3. That Dan Quinn filed answer alleging sole seizin and the cause was by law converted into an ejectment proceeding and was called for trial on 13 April, 1961, at the Regular April 1961 Term of Mitchell County Superior Court.

"4. The plaintiffs and defendants submit the following Stipulations and agree that the facts stated are true and are the facts pertinent and necessary for a complete and final adjudication of the cause by the court;

"a. That prior to 1884 William Biddix was the father of illegitimate child named Sallie and hereinafter called Sallie.

"b. That the mother of said child was Martha Mattie Hall.

"c. That during the year 1884 William Biddix, hereinafter called William, married Martha Mattie Hall.

"d. That shortly thereafter Martha Mattie Hall Biddix died.

"e. That in 1888 William married Emma McKinney Biddix, hereinafter called Emma.

"f. That thereafter Susannah Flossie Biddix Gage, hereinafter called Flossie was born of that marriage legitimate.

"g. That Sallie died intestate in the year 1926 leaving legitimate issue surviving.

"h. That William died intestate in 1928 leaving surviving him his widow, Emma, and his only lineal descendants, a daughter Flossie and the children of Sallie— his grandchildren.

"i. That Emma died intestate in 1947.

"j. That Flossie died intestate in January 1956 without issue.

"k. That William D. Biddix died in 1928 seized of Tract No. 1 described in the Petition by virtue of a Deed of Purchase dated 24 July 1890 from Merritt S. McKinney and wife, Elizabeth McKinney to him, recorded in Mitchell County Deed Book 33, page 92, and title thereto passed by descent unto his heirs at law.

"l. That Flossie Susannah Biddix Gage died intestate during the year 1956 seized of Tract No. 2 described in the Petition by virtue of a Deed of Purchase dated 10 February 1923, from W. D. Biddix and wife, Emily L. Biddix, to Flossie S. Biddix, recorded in Mitchell County Deed Book 79, page 332, and upon her death title thereto passed by descent unto her heirs at law.

"m. That Emma McKinney Biddix in 1947 died seized of Tract No. 3 described in the Petition by virtue of a Deed of Purchase dated 15 December 1894, from James C. Hall and wife, Mary M. Hall, to Emily L. Biddix, recorded in Mitchell County Deed Book 33, page 97, and title thereto passed by inheritance unto her only daughter Flossie Susannah Biddix Gage, who died seized thereof.

"n. That William D. Biddix died seized of a portion (8 acres) of tract No. 4 described in the Petition by virtue of a Deed of Purchase dated 1 April 1891 from J. D. Conley Executor, to W. D. Biddix, recorded in Mitchell County Deed Book 25, page 341, and title thereto passed by descent unto his heirs at law.

"o. That William D. Biddix died seized in fee simple of all of said 4th tract by adverse possession including the 8 acre part referred to in paragraph n above. Upon his death it descended to his heirs at law.

"p. That defendant Dan Quinn is the sole owner and entitled to possession of all said lands, if any, that passed by, through or under Will D. Biddix, Flossie Gage or Sallie Carpenter to the children and

grandchildren of Sallie Carpenter from whom he has Deeds sufficient in form to convey said lands to him.

"q. That petitioners are the children and grandchildren of brothers and sisters of the whole blood of Emma Biddix."

The parties further stipulated as follows:

"(1) that Myrtle Lois McKinney is a minor and was originally one of the petitioners; that Joyce McCall is a minor and was originally one of the defendants, but that by Order of the court she was duly made a party petitioner instead of a party defendant; that Frank H. Watson, attorney at law, was duly appointed next friend of both of said minors; that a compromise and settlement without prejudice to any other party to this proceeding was made as to all claims of said minors in the lands involved in this proceeding as a result of which settlement defendant Dan Quinn became and is now the owner in fee simple of all right, title and interest that said minors had or might have in said lands; that the compromise, settlement and conveyance of the interests of said minors in said lands was made with the sanction, direction, approval and confirmation of the court as provided by law; that the interests of said minors in said lands is not now involved in this controversy; (2) that the allegation in the petition that Wayne McCall was a minor was an error; that by order of the court Wayne McCall was duly made a party petitioner instead of a party defendant and is now a party petitioner; and (3) that all parties petitioners and the party defendant are properly before the court represented by counsel."

Upon consideration of the foregoing stipulations, the court found them to be true, adopted same as its findings of fact, and rendered judgment as follows:

"(1) That Dan Quinn be and he is hereby declared the owner and entitled to possession of Tracts 1, 2 and 4 as described in the Petition;

"(2) That the petitioners other than Myrtle Lois McKinney and Joyce McCall be and they are hereby declared to be the owners and entitled to possession of Tract 3 as described in the Petition, excepting therefrom a 1/252nd interest and a 1/72nd interest which is to be conveyed in accordance with the Judgment and subsequent Orders relative to the interests of Myrtle Lois McKinney and Joyce McCall infants."

( (3) Not pertinent to appeal).

The petitioners except to the portion of the judgment adverse to them, and appeal to Supreme Court.

*R. W. Wilson for petitioners appellant.*

*John C. McBee II, Warren H. Pritchard, Anglin & Bailey for defendant appellee.*

WINBORNE, C.J.  This appeal presents the following questions: (1) Did the legitimate children of a deceased mother, the mother having been born out of wedlock and legitimated by the subsequent intermarriage of her parents, inherit any interest in the real property of their maternal grandfather who died intestate in 1928? (2) Did said legitimate childen inherit any interest in the real property of a legitimate paternal half-sister of their deceased mother, which half-sister died intestate in 1956 without lineal descendants?

Both questions must be answered in the affirmative.

(1) The record indicates that William Biddix died intestate in 1928 seized of Tracts 1 and 4 described in the petition, and that he was survived by his widow, Emma Biddix; his legitimate daughter, Flossie Gage; and the children and grandchildren of his deceased legitimated daughter, Sallie Carpenter. Accordingly, the rights of the parties in Tracts 1 and 4 must be determined by the laws of descent as they pertained in 1928.

At that time C. S. 1654 provided as follows: "Rule 3. * * * The lineal descendants of any person deceased shall represent their ancestor, and stand in the same place as the person himself would have done had he been living."

By the express language of this statute, upon the death of William Biddix in 1928 the children of Sallie Carpenter inherited that interest in Tracts 1 and 4 which she herself would have inherited had she been living.

What interest then would Sallie have inherited? The record discloses that she was born out of wedlock prior to 1884; that her father was William Biddix, and her mother was Martha Mattie Hall, and that during the year 1884 William Biddix married Martha Mattie Hall.

In 1917 the General Assembly of North Carolina enacted a statute which in 1928 was C.S. 279. It provided as follows: "When the mother of any bastard child and the reputed father of such child shall intermarry or shall have intermarried at any time after the birth of such child, the child shall in all respects after such intermarriage be deemed and held to be legitimate and entitled to all the rights in and to the estate, real and personal, of its father and mother that it would have had had it been born in lawful wedlock."

In this connection, the petitioners contend that "At the time William Biddix married Martha the mother of Sallie, the marriage did not legitimate Sallie, and she remained illegitimate until the Act of 1917, which Act gave her the mere right, or possibility of inheritance. She died before her father, and consequently inherited nothing from

him." Thus, petitioners argue, all of the lands of which William Biddix was seized at his death descended to his legitimate daughter, Flossie.

We cannot agree with this contention. In *Stewart v. Stewart*, 195 N.C. 476, 142 S.E. 577, this Court, speaking of C.S. 279 said: "By its express language, the statute is retroactive as well as prospective." Therefore, a child who was born out of wedlock on 8 July 1895, and whose mother and reputed father subsequently married on 29 July 1895, was held to be the heir of the reputed father who died intestate in 1926, even though the legitimation statute, C.S. 279, had not been enacted at the time of the intermarriage of the parents.

Therefore, in the instant case, had Sallie been living when her father died intestate in 1928 she and her paternal half-sister Flossie would each have inherited, subject to the widow's dower, a one-half undivided interest in all of the lands of which the deceased father died seized in fee. Since, however, Sallie was not living at that time, her lineal descendants, by representation, took that interest which Sallie would have inherited— a one-half undivided interest in Tracts 1 and 4 described in the petition.

(2) Prior to 1955, this Court held that statutes dealing with legitimation and creating rights of succession to property in a legitimated child are in derogation of the common law. Hence, they are strictly construed. *In re Estate of Wallace*, 197 N.C. 334, 148 S.E. 456. Thus, in the *Wallace* case the Court reached the conclusion that since C.S. 279 did not specifically provide for inheritance by a legitimated child except from his mother and father, such child could not inherit from a maternal uncle dying intestate.

However, in 1955 the Legislature, by Chap. 540, amended the statutes of descent and distribution and the statutes dealing with legitimation, and in each instance provided, in substance, that the legitimated child shall have the same right to inherit by, through, and from his father and mother as if such child had been born in lawful wedlock. G.S. 28-149, G.S. 29-1, G.S. 49-11, and G.S. 49-12 (C.S. 279), all as amended by Chap. 540, P. L. 1955.

By Chap. 813 the Legislature enacted similar amendments to the statutes relating to inheritance by an adopted child. As amended, these statutes provide, in substance, that an adopted child shall be entitled to inherit property by, through, and from his adoptive parents as if he were born the legitimate child of the adoptive parents. G.S. 28-149, G.S. 29-1, and G.S. 48-23, all as amended by Chap. 813, P. L. 1955.

In construing the adoption statutes as amended, this Court, in *Bennett v. Cain*, 248 N.C. 428, 103 S.E. 2d 510, reached the conclusion that

an adopted child may inherit from a deceased brother of said child's adoptive parent.

Applying a similar interpretation to G.S. 29-1 and G.S. 49-12, as amended by Chap. 540, P. L. 1955, we must conclude that the Legislature intended to confer upon the legitimated child the same right to inherit from collateral relations as it would have had had it been born in lawful wedlock.

Thus, had Sallie Carpenter been living in 1956, she would have been the next collateral relation of Flossie Gage, and, as such she would have inherited all of Flossie's interests in the lands in question on this appeal— Tracts 1, 2 and 4 described in the petition. Since Sallie Carpenter was not living at that time, her lineal descendants took such interests by representation, which interests were conveyed to defendant Quinn as stipulated above.

Hence, the judgment of the court below is
Affirmed.