STEVE VERNON TONEY v. CYNTHIA JACKSON TONEY

No. 8429DC29

(Filed 18 December 1984)

1. **Divorce and Alimony § 25.3— child custody—finding that court did not inter-
   view child because defendant objected—no error**

   In an action for divorce and child custody where a court reporter was not
   available, where the parties stipulated that the court should hear the action
   and determine all issues presented, and where the court made extensive find-
   ings of fact, a finding that the court had not interviewed one of the children
   because defendant objected merely reported bare facts and did not reflect any
   interference with defendant's constitutional rights.

2. **Divorce and Alimony § 25.4— custody of child with father—supported by find-
   ings**

   The court's conclusion that awarding plaintiff husband the custody of one
   brother would be in the child's best interest was supported by its findings, and
   the findings are presumed to be supported by the evidence where the
   testimony at the hearing is not brought forward in the record.

3. **Divorce and Alimony § 24.9— child support—mother to support child in her
   custody—findings sufficient**

   In an action for divorce and child custody, the court's findings were suffi-
   cient to support an order that defendant wife be solely responsible for the sup-
   port and maintenance of the child placed in her custody. While the better
   practice would have been to make more detailed findings, the result reached
   was fair and equitable, and defendant will not be heard to complain because
   she failed to offer monetary support evidence from which more sufficient find-
   ings could be made. G.S. 50-13.4(b).

   Chief Judge VAUGHN concurring in part and dissenting in part.

   Judge EAGLES concurring in part and dissenting in part.

APPEAL by defendant from *Gash, Judge*. Order entered 12
October 1983 *nunc pro tunc* 23 August 1983 in District Court,
RUTHERFORD County. Heard in the Court of Appeals 25 October
1984.

*Arledge, Callahan & Franklin by J. Christopher Callahan and
Hugh J. Franklin for plaintiff appellee.*

*W. T. Culpepper, III, for defendant appellant.*

BRASWELL, Judge.

Defendant-mother appeals from certain portions of an order
concerning the custody and support of the parties' minor children,

Bruce and Bryan. Specifically she appeals from the portions of the order which granted custody of Bryan to his father, the plaintiff, and which made her solely responsible for the support and maintenance of Bruce, the minor child placed in her custody. She brings forth and argues three questions on appeal. She contends the court erred by basing its decision in part upon the finding of fact that due to the defendant's objection the court did not interview Bryan; by failing to make adequate and detailed findings of fact to support the award of the custody of Bryan to the plaintiff; and by making inadequate findings of fact to support the conclusion that she be solely responsible for the support of the child in her custody. We disagree and affirm the trial court's judgment.

On 10 June 1973, plaintiff and defendant were married. Two minor children, Bryan and Bruce, were born of the marriage. On 5 February 1983, the parties separated when defendant moved, with the minor children, to her parents' home in Chowan County. On 28 June 1983, plaintiff obtained physical custody of Bryan. On 8 July 1983, plaintiff filed this action seeking custody of both minor children and seeking an order requiring his wife to provide support for the children. On 22 August 1983, defendant answered seeking a divorce from bed and board, custody of the minor children, and an award of attorney's fees.

On 23 August 1983, a hearing was held on the complaint and counterclaim. At the hearing, when informed that a court reporter was not available, the parties stipulated that the court should hear the actions and determine all issues presented. Following the hearing the court made extensive findings of fact. Based upon these findings of fact the court awarded primary custody of Bryan to the plaintiff, and primary custody of Bruce to the defendant. The court further decreed that each party should be solely responsible for the support of the minor child within their custody. From that portion of the order, awarding the custody of Bryan to the plaintiff and making the defendant responsible for the support of Bruce, the defendant has appealed.

[1] First, defendant argues the court erred by making the following finding of fact:

> XXII. That both Plaintiff and Defendant testified that Bryan Toney was mature and intelligent for his age, but in-

asmuch as the defendant objected to this Court interviewing said Bryan Toney, this Court declined to do so.

She argues that she had a constitutional right to prevent the court from privately interviewing Bryan, and that her exercise of this right should not prejudice her right to custody of the minor child. Defendant has failed to show that this finding was a basis for the court's conclusion that it would be in Bryan's best interest to place his custody with his father. We hold the words used by the judge only serve to report the bare facts of what occurred, and do not reflect any interference with defendant's constitutional rights. The record is instead replete with other findings which show that other factors were the basis of the order. For failure to show any prejudicial error, the assignment of error is overruled.

[2] Next, defendant argues that the court's conclusion that awarding the plaintiff Bryan's custody would be in the child's best interest was not supported by adequate and detailed findings of fact. In custody cases, the court's order must contain findings of fact which are sufficient to sustain the court's conclusions that the award will best promote the interest and welfare of the minor child. Such findings must be supported by competent evidence. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). Where the testimony offered at the hearing, as in this case, is not brought forward in the record "it must be presumed that the findings of fact are supported by competent evidence." *Carter v. Carter*, 232 N.C. 614, 616, 61 S.E. 2d 711, 713 (1950). *See also Bethea v. Bethea*, 43 N.C. App. 372, 258 S.E. 2d 796 (1979), *disc. rev. denied*, 299 N.C. 119, 261 S.E. 2d 922 (1980). The following pertinent findings of fact appear in the record.

XVII. That since June 28, 1983, until this date, Bryan Toney has continually resided with the Plaintiff in Rutherford County, North Carolina and Bruce Toney has continually resided with the Defendant in Chowan County, North Carolina.

XVIII. That both Plaintiff and Defendant exercised substantial and important care and responsibility for both minor children since birth; that both Plaintiff and Defendant were active in their church, Bethel Baptist Church, during the course of their marriage.

XIX. That the house where the Plaintiff now resides is the former marital domicile, and is situate on approximately nine acres of land in the country, has three bedrooms, is a modern livable home, has a basketball goal, concrete driveway, color television and that only the Plaintiff and Bryan Toney have resided here since June 25, 1983; that Bryan Toney has his own bedroom in this residence.

XX. That the home where the Defendant has resided since February 5, 1983 is an old home, but recently renovated, is also situate on a large tract of land in Chowan County, North Carolina, has four bedrooms, (however, the two bedrooms located upstairs are currently being used for storage and only the two bedrooms downstairs are being used for sleeping), and that Defendant and Bruce Toney sleep in one downstairs bedroom and Defendant's parents sleep in the other downstairs bedroom.

* * * *

XXIII. That both Plaintiff and Defendant testified that the other party was a fit and proper parent at all times during the course of their marriage, but each parent testified that it was in the best interest of said minor children for custody to be placed with them.

XXIV. . . . That Plaintiff's working hours are from 7:30 a.m. until 8:00 p.m. for three consecutive days followed by four days vacation then the same working hours for four consecutive days followed by three days vacation. That when Plaintiff is at work, Bryan Toney is cared for by Plaintiff's parents, whose land adjoins the land of the former marital domicile. That both Plaintiff and Defendant testified that Plaintiff's parents, Bryan Toney's paternal grandparents, were fit and proper persons to have the care and custody and supervision of either of the minor children.

XXV. That although the Defendant is employed on the first shift at Carter's, Inc., due to the company's extra business, she has actually worked the second shift approximately eighty per cent of the time since becoming employed at Carter's, Inc. in May 1983.

XXVI. That Defendant's parents are both employed on a first shift, and Bruce Toney is placed in a nursery day care center each weekday morning in Edenton, North Carolina.

XXVII. That Bryan Toney was enrolled in the first grade at a Rutherford County elementary school during the 1982-83 school year, when on February 5, 1983, without prior notice, Defendant removed said child to Chowan County and entered said child in a Chowan County elementary school to complete that school year.

\* \* \* \*

XXIX. That both Plaintiff and Defendant are fit and proper persons to have the care and custody of said minor children and both Plaintiff and Defendant are fit and proper persons to exercise reasonable visitation privileges with the other minor child in the custody of the other parent, and the Court finds that it is in the best interest of Bruce Toney that his custody be granted to the Defendant, subject to reasonable visitation privileges with the Plaintiff as hereinafter set forth, and the Court finds that it is in the best interest of Bryan Toney that his custody be granted to the Plaintiff, subject to reasonable visitation privileges with the Defendant as hereinafter set forth.

These findings are sufficient to support the court's conclusion that it would be in the best interest of Bryan to be placed in the custody of the plaintiff. The assignments of error are overruled.

[3] Finally, defendant argues that the court erred by ordering her to be solely responsible for the support and maintenance of Bruce, the minor child placed in her custody, without making adequate and detailed findings of fact and conclusions of law on that issue. G.S. 50-13.4(b) in part provides that "[i]n the absence of pleading and proof that the circumstances warrant, the father and mother shall be primarily liable for the support of a minor child." An order apportioning the support to the parties

must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclu-

sions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned. (Citation omitted.)

*Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980).

In determining the support obligations the trial court made the following pertinent findings of fact.

XXIV. That both Plaintiff and Defendant are able bodied persons, capable of employment and Plaintiff is employed at Cone Mills in Avondale, North Carolina, earning a substantial income, and Defendant is employed at Carters, Inc. in Edenton, North Carolina, and earning somewhat less than Plaintiff. That Plaintiff presented no evidence of his income and expenses and Defendant testified that she earned approximately $150 a week take-home pay. Both Plaintiff and Defendant testified Plaintiff had substantial and reasonable expenses of paying for the mortgage on the former residence, Ford Thunderbird, color television, and other living expenses, while the Defendant's more modest and reasonable expenses include nursery, payment on a vacuum cleaner, and contribution to her parents for food.

* * * *

XXX. That both Plaintiff and Defendant are primarily liable for the support of the children and at the present time, with each parent being a custodial parent of one child, and with both Plaintiff and Defendant employed on a full time basis, and the Defendant residing with her parents, it is fair and reasonable that each custodial parent be responsible for the health, education and maintenance of the minor child in his/her custody and therefore, should not also be ordered to contribute to the support of the minor child in the custody of the other parent.

Based upon these findings of fact, the court reached the following conclusion of law.

(6) That both the Plaintiff and the Defendant are liable for the support of the minor children and have the ability to provide for the support of said minor children, having due regard to the relative ability of the parties to provide support, and to the circumstances of the parties and the children as required by G.S. 50-13.4(b) and (c).

While the better practice would have been for the court to have made more detailed findings of fact, we believe the findings quoted above are sufficient to show that the court based its findings and conclusions upon the needs of the child and the parents' relative ability to meet those needs. We further believe that the result reached was fair and just to all concerned. Furthermore, defendant will not be heard to complain because she failed to offer, either in her case in chief or upon her cross-examination of the plaintiff, monetary support evidence from which more sufficient findings could be made. The assignments of error are overruled.

The judgment of the trial court is

Affirmed.

Chief Judge VAUGHN concurs in part and dissents in part.

Judge EAGLES concurs in part and dissents in part.

Chief Judge VAUGHN *concurring in part and dissenting in part.*

I do not believe that the facts found are sufficient to allow meaningful appellate review of the judge's decision to deprive the mother of custody of the eight-year-old son and to separate that child from his brother. I vote to reverse and remand the case on the custody question.

Judge EAGLES *concurring in part and dissenting in part.*

The trial court's decision is deficient in that it does not determine the husband-father's earnings and ability to pay child support and fails to determine the support properly required for the child remaining in the custody of the mother. These deficiencies

require that the matter be remanded for a new hearing to determine these questions and for a properly supported determination of the amount of child support to be paid by the father. While I vote to reverse and remand the matter on the support issue, I concur as to the trial court's custody determination.